## SISTARE *v.* HECKSCHER.

*(Supreme Court, General Term, First Department.* March 31, 1892.

1. CANCELLATION OF DEED—FALSE REPRESENTATIONS—HUSBAND AND WITE.
    A married woman conveyed the land to her husband's creditor on the false representation of her husband that if such conveyance were made the creditor would advance the money necessary to save the husband from financial ruin; that the giving of the deed was a mere form, and it would not be recorded; and that the property would be reconveyed to her in a short time. *Held,* that the deed would be set aside at the suit of the wife against the creditor as procured by fraud, and it was immaterial that the husband was not authorized by the creditor to make such representations, and that the creditor did not participate in the fraud.
2. SAME—COMPETENCY OF WITNESS—RES GESTÆ.
    The testimony of the wife as to what took place between her husband and herself at the conversation wich resulted in her making the conveyance was admissible as part of the *res gestæ.*
    15 N. Y. Supp. 737, affirmed.

Appeal from special term, New York county.

Action by Margaret Sistare against Austin Heckscher to set aside a conveyance on the ground of misrepresentation and fraud. From a judgment directing the reconveyance of the property, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, J.

*Janeway, Thacher & Richards, (Jas. G. Janeway,* of counsel,) for appellant. *Israel F. Fisher, (Henry S. Bennett,* of counsel,) for respondent.

PATTERSON, J. We see no reason for disturbing the judgment here appealed from. The merits of the controversy are decidedly with the plaintiff, and the findings of the learned judge in the court below are abundantly sustained by the evidence. All the circumstances surrounding the execution and delivery of the deed; the suddenness of the demand or appeal made upon the plaintiff by her husband to rescue his firm from an impending peril; the assurance to her that it was but a matter of form; the added representation that, if the property were conveyed to the defendant, money would be advanced to aid the firm of Sistare & Co. in extricating themselves from embarrassment; the further fact that all the details for a transfer of this property from the plaintiff to the defendant had been previously arranged by Mr. Sistare and the defendant or others, under the advice of counsel and without the knowledge of the plaintiff, who, totally ignorant of her husband's condition, or what was in contemplation, was appealed to while entertaining a caller at her house, taken aside while her visitor was waiting, and then induced to consent; and, above all, so far from the purpose of the transfer being to secure the defendant for advances then or thereafter to be made, it being merely to serve as security for or payment of an indebtedness, already existing, of Mr. Sistare's firm to persons represented by the defendant,—all these circumstances and facts clearly indicate that there was but one course to be pursued by the learned judge, and that course he followed. The deed was obtained by undue influence, and in a certain sense by coercion, and seems to have been executed and delivered under circumstances and conditions quite similar to those in *Barry* v. *Assurance Soc.,* 59 N. Y. 587, where an assignment by a wife of policies of life insurance was pronounced to be invalid.

It is not material that the defendant did not authorize the husband to make the representations, or procure the execution of the deed, in the manner above referred to, or did not even know of it. The real question is as to what was actually done and said by Sistare in procuring the conveyance. As was remarked by Lord ELDON in the great case of *Huguenin* v. *Baseley,* 14 Ves. 273: "I should regret that any doubt could be entertained whether it is not competent to a court of equity to take away from third persons the benefits which they have derived from the fraud, imposition, or undue influence of others." See, also, *Whelan* v. *Whelan,* 3 Cow. 537; *Bergen* v. *Udall,* 31 Barb. 9.

learned counsel for the defendant has strenuously argued that the fraud here consisted only in promissory representations, and that as it is a tled rule that a mere failure to perform a promise, in consideration of land or other property has been transferred, does not furnish of itself evidence of fraud in the transaction, this suit cannot be maintained. It is unnecessary to consider either the statement made of the rule, or its application to abstract cases; for we are fully satisfied in the case at bar that under all the proven facts, as properly found by the court below, justice requires this conveyance to be set aside; that Mrs. Sistare did not intend to convey her property to pay or secure her husband's past-due debts and obligations, or those of the firm of which he was a member; and that the controlling influence of her husband over her, at the time and under the circumstances of the execution of the deed, makes out, with the other facts above referred to, a proper case for relief.

There are exceptions in the record raising other questions, but it is unnecessary to consider them in detail. The objection to the admission of the testimony of the plaintiff as to what took place between her husband and herself at the conversation of March 15th was properly overruled. It was part of the *res gestæ*, and thus admissible. *Potts* v. *Hart*, 99 N. Y. 168, 1 N. E. Rep. 605. The judgment must be affirmed, with costs.