WHITE v. RASINES et al.

(Supreme Court, General Term, First Department. December 16, 1892.)

CANCELLATION OF CONTRACT—FRAUD AND DURESS.

In an action to set aside a note and mortgage on the ground of fraud and threats, the evidence showed that plaintiff, who was unable either to read or write, and who could but imperfectly speak English, was induced by defendants, acting for a bank, to execute a note and mortgage, which papers were neither read nor explained to her, on the assurance that it was necessary for her to sign them to prevent her son-in-law, who had forged notes on the bank, from going to prison, and the further representation that the papers were mere "sham" papers, which would be returned to her in a few days. Held, that the court properly refused to dismiss the complaint. Sistare v. Heckscher, (Sup.) 18 N. Y. Supp. 475, followed.

Appeal from special term, New York county.

Action by Amelia White against Antonio Rasines and others to declare void a note and mortgage on the grounds of duress and fraud. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Ashbel P. Fitch, (Charles J. Fiske, of counsel,) for appellants.

W. A. Copp, for respondent.

O'BRIEN, J. This action was brought to declare void a promissory note for $2,103.42, and also to declare void a certain indenture of mortgage given to secure the payment of said note, and also to declare void an assignment of said mortgage, upon the ground that the execution and delivery of such instruments were obtained through the false and fraudulent representations of defendants, and through threats and intimidation, and upon the further ground that the plaintiff was not aware of the nature of the instruments executed by her. As to whether or not these grounds were sustained were questions of fact, and in the record before us there is no statement that it contains all the evidence. Two exceptions, however, were taken by the defendants on the trial; one relating to a question asked as to the condition of plaintiff's health just prior to the occurrence, which has not been urged upon this appeal, and the other, to the denial of the motion to dismiss the complaint. This last exception presents a question of law as to whether, upon the evidence presented by the plaintiff, the complaint should have been dismissed. According to the evidence of plaintiff's witnesses, certain of the defendants, who were connected with or acting in the interest of the Canal Street Bank, came to plaintiff's house, and, after making her aware that Dawson, her son-in-law, had discounted in their bank a note which they

claimed was forged, ·procured from her the note and the mortgage which are sought to be.set aside in this action.    The plaintiff at that time was the owner of the premises known as "354 First Avenue," and was an old lady, who could neither read nor.write, and who but imperfectly understood the English language, the testimony upon the trial being procured with the aid of an interpreter.    This· visit to plaintiff's house, it ,would appear, was the result of interviews between certain of the defendants and the husband and son of the plaintiff, who had on the same afternoon gone to the bank for the purpose of making some arrangement to prevent the prosecution of Dawson, the plaintiff's son-in-law.    What was done and said between those parties at the bank is entirely immaterial.    The question presented was whether or not the note and mortgage were the free and voluntary act of the plaintiff, made with the knowledge of what she was signing, and intending to obligate herself thereby.·    The solution of this must depend upon what took place when all the parties, in the afternoon of the same day, visited the plaintiff, and procured from her the note and the mortgage.    It would appear that little was said by any of the other parties to her, but that most of the conversation conducted in English between them was not understood by the plaintiff, and ·that the portion which she did understand was conversation between herself and her son in the German language.    She testified and he testified that it was represented to her that it was necessary that she ,should . sign the papers, which were not read to her, and which she claimed she did not understand, in order to prevent her·son-in-law being sent for 20 years.to prison, and that as an inducement it was represented that the papers were sham papers, which were to be returned to her in a few days.    This testimony of the plaintiff and her son, supplemented as it was by that of her husband and her daughters, as to what took place in plaintiff's honse, all to the same effect,—that the character of the papers was not explained, and that the plaintiff did not execute the same voluntarily,— made out a prima facie case, and the learned trial judge correctly ruled in refusing to dismiss the complaint.    The cases of Sistare v. Heckscher, (Sup.) 18 N. Y. Supp. 475, and Barry v. Society, 59 N. Y. 587, state the principles applicable to cases involving facts similar to those presented in this case.    We see no reason for disturbing the rulings made by the learned trial judge, and are therefore of opinion that the ·judgment should be affirmed, with costs.·    All concur.