CHARLES MATTHEWS & *al. versus* JOHN MATTHEWS.

When it appears that a petitioner for partition, prior to the present process, had given a power of attorney to one to "sue for and recover any right or interest" he might have to property in Maine, "or to compromise the same with parties representing adverse interests;" and that said attorney had given a deed of the premises of which partition is asked to the present respondent,—this is not sufficient to bar the rights of the petitioners, unless it is shown that the grantee represented "adverse interests," and that the deed was given for the purpose of compromising the claims of the petitioners.

PETITION FOR PARTITION.

THE property described in the petition belonged to William Matthews, the grandfather of the petitioners and father of the respondent. The petitioners claim as children and heirs of William Matthews, their father, and the respondent's brother, and that one piece described descended to their father, as devisee of their grandfather, and the other two pieces, as heir. For the purposes of this trial, and without prejudice to the rights of the respondent, if the Court should order a trial, the title of the petitioners was admitted.

The respondent introduced a power of attorney from the plaintiffs to Zenas King, which will be found in the opinion of the Court, and which was dated March 8, 1858, and a deed of the premises of which partition is asked, given by said attorney to the respondent, July 24, 1860.

The case was thereupon withdrawn from the jury, to be reported to the full Court for their opinion upon the sufficiency of the power of attorney and deed to bar the rights of the petitioners. If held by the Court to be sufficient, a nonsuit is to be entered; if not, the case is to stand for trial.

*J. Baker*, for the petitioners.

*Vose & Vose*, for the respondent.

The opinion of the Court was drawn up by

APPLETON, C. J.—The petitioners, on 8th March, 1858,

made and executed a power of attorney, under seal, to one Zenas King, in the following terms :—

"Know all men by these presents, that we, Charles Matthews and Lavinia M. Thorne, of the city and State of New York, children of the late William Matthews of Hallowell, State of. Maine, have made, constituted and appointed, and by these presents do make, constitute and appoint Zenas King of Hallowell, Maine, true and lawful attorney for us, and in our name, place and stead, to collect all moneys due to us by virtue of our relations to the decedent William Matthews aforesaid, and to *sue for and recover any right or interest which we have or may have in any real or personal estate in Maine, or to compromise the same with parties representing adverse interests*, giving and granting unto our said attorney full power and authority to do and perform *all and every act and thing* requisite and necessary to be done in and about the premises, *as fully*, to all intents and purposes, as we might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that our said attorney or his substitute shall lawfully do or cause to be done in virtue hereof.

"In witness whereof, we have hereunto set our hands and seals," &c.

The title of the petitioners being provisionally admitted, the respondent offers a deed made and executed by said King, under and by virtue of the above power of attorney. The question before us is, whether the defence is made out upon the proof *now* presented.

The authority to "sue for and recover any right, title and interest" to certain specified real estate in Maine, or "*to compromise the same with parties representing adverse interests*," as fully as the principals might do the same, is given to the attorney in the most explicit terms. Tomlin defines a compromise to be "any adjustment of matters in dispute, by mutual concession, without resort to law." The compromise may be made, and its terms declared, by a deed or other contract under seal. The power of attorney is a sealed instru-

ment. Every general power necessarily implies the grant of whatever is necessary to its complete execution. The principals might compromise their "right, title and interest" in dispute, either by a release of part or of the whole for a pecuniary consideration. It would seem that the attorney has the same power of compromise as his principals, within the special limitations imposed upon his action.

But the power of attorney gives no general authority to sell. The case as presented fails to show that the release under which the respondent claims was made by way of compromise, and "with parties representing adverse interests," as it must be if in accordance with the authority given. *The case to stand for trial.*

RICE, CUTTING, DAVIS, WALTON and BARROWS, JJ., concurred.