ANNA BARRETT, Respondent, *v.* THE THIRD AVENUE RAILROAD COMPANY, Appellant.

The tracks of two horse railroad companies crossed each other at an acute angle; a car upon each track was approaching the intersection from opposite directions; and a collision occurred.—*Held,* that if the acts of the defendant's servants contributed to the injury, the defendant was liable, although the negligent acts of the persons in charge of the other car also were contributory.

The comparative degrees in the culpability of the two will not affect the liability of either. If both were negligent in a manner contributing to the result, they are liable jointly or severally.

The carrier of passengers has no right to experiment at the risk of those whom he carries. His duty is to exercise the utmost care and caution, and he is liable for slight neglect.

A party receiving an injury from the wrongful acts of others, is entitled to but one satisfaction, and an accord and satisfaction by, or a release or other discharge by the voluntary act of the party injured, of one, of two or more joint *tort feasors,* is a discharge of all, but an attorney-at-law, as such merely, cannot settle a suit and give a release concluding his client in relation to the subject in litigation, although it is within his authority to discontinue the action.

Motions to set aside verdicts as contrary to evidence, as well as motions for a new trial upon the ground of newly discovered evidence, are not governed by any well defined rules, but depend in a great degree upon the particular circumstances of each case. They are addressed to the sound discretion of the court, and the exercise of this discretion is not reviewable in this court.

(Argued May 25th; decided June 6th, 1871.)

APPEAL from the judgment of the General Term of the Superior Court of the city of New York, reversing an order at Special Term setting aside a verdict in favor of the plaintiff for $2,000 and granting a new trial.

Action by the plaintiff to recover for injuries sustained by her while riding as a passenger in a car of the defendants,

resulting from a collision with a freight car of the Harlem Railroad Company, at a point where the defendant's road and that of the Harlem Railroad Company intersect and cross each other at an acute angle, in the city of New York. The car of the defendant was going in a southerly direction on a down grade, in a foggy evening, with the usual lights in each end of the car, and the Harlem car was going northerly, on an up grade, and without lights. The car was moving slowly; the defendant's car was moving more rapidly, but the evidence was conflicting as to the rate of speed. The defendant's car was, at the time of the collision, just passing off the southerly point at which the roads intersected each other, and the Harlem car was just approaching it from the north. The car of the defendant was broken up, and several of the passengers, including, the plaintiff, injured. Evidence was given by both parties as to the collision and its cause, and the acts and conduct of the managers of the two cars bearing upon the question of negligence. The defendant also gave evidence that the plaintiff commenced an action against both railroad corporations for the injury sustained, charging both with negligence; and that upon the receipt of $100 by the plaintiff's attorneys from the Harlem Company, that suit was discontinued and this action brought.

This action was brought in the Superior Court of the city of New York, and, upon a trial by jury, a verdict was given for the plaintiff. On a motion at Special Term upon a case containing the evidence and exceptions to the charge of the judge, and to refusals to charge as requested, and upon affidavits of newly discovered evidence, a new trial was ordered on payment of costs. This order, on appeal to the General Term, was reversed, and judgment ordered for the plaintiff on the verdict, and from the judgment entered pursuant to such order this appeal is brought.

*Clarkson N. Potter*, for the appellant. Satisfaction as to one of two *tort feasors* is satisfaction as to both. (*Knicker-bocker* v. *Hawes*, 8 Cow., 111; *Livingston* v. *Bishop*, 1 John.,

290; *Brown* v. *Kinchelse*, 3 Cold., 192; *Merchants' Bank* v. *Curtis*, 37 Barb., 317; *Ruhle* v. *Turner*, 2 H. & N., 38; Bacon's Abridg., Tit. Release, 625; *Robertson* v. *Smith*, 18 John., 481; *Pouting* v. *Watson*, 33 Eng. L. & E., 116; *Pearce* v. *Pearce*, 25 Barb., 243.)

*Elial F. Hall*, for the respondent. On the question of liability. (*Bowen* v. *Central R. R. Co.*, 18 N. Y., 410; *Deyo* v. *Central R. R. Co.*, 34 N. Y., 9; *Maverick* v. *Eighth Avenue R. R. Co.*, 36 N. Y., 381; Story on Bailments, § 601; *Ingalls* v. *Bills*, 9 Metc., 1; *Caldwell* v. *Murphy*, 1 Duer, 241.) On the question of compromise with the Harlem Company. (4 Abbott's Dig., 720; *De Jeng* v. *Bailey*, 9 Wend., 336; *Noke* v. *Ingham*, 1 Wilson, 90; *Parker* v. *Lawrence*, Hobart's R., Am. ed., 70; *Salmon* v. *Smith*, 1 Saunders' R., 207.) On the question of the right of the jury to reject evidence, in their belief false. (*Dunn* v. *The People*, 29 N. Y., 523; *Lee* v. *Chadsey*, 2 Keyes, 543.) The issue of negligence must be submitted to the jury. (*Wolfkiel* v. *Sixth Avenue R. R. Co.*, 38 N. Y., 49; *Ernst* v. *Hud. R. R. R. Co.*, 35 N. Y., 9, and 39 N. Y., 61.) It is no defence to this action that the negligence of the Harlem Company contributed to bring about the collision. (*Clark* v. *Eighth Avenue R. R. Co.*, 36 N. Y., 138; *Maverick* v. *Eighth Avenue R. R. Co.*, 36 N., 378; *Webster* v. *Hud. R. R. R. Co.*, 38 N. Y., 260.) On the question of a new trial for surprise. (*People* v. *Superior Court*, 10 Wend., 285; *Trisler* v. *Eheholt*, 5 Rob., 609; *Bell* v. *Thompson*, 2 Chitty, 194; *Bun* v. *Hoyt*, 3 John., 255; 3 Gra. & W. on New Trials, 940, 941, 982, 983; *Stoddard* v. *L. I. R. R. Co.*, 5 Sandf., 180; *Lewis* v. *Blake*, 10 Bosw., 199; *Cothran* v. *Collins*, 29 How., 155; *Lawrence* v. *Ely*, 38 N. Y., 42.)

ALLEN, J. There was no question of contributory negligence on the part of the plaintiff; she was injured without fault on her part, and the question upon the merits was, whether the collision causing the injury was exclusively the result of the negligent or careless acts of the agents and servants of the defend-

ant having the control and management of the car in which the plaintiff was a passenger, or of such negligence in connection with negligence on the part of those in charge of and controlling the movements of the colliding car on the Harlem road. If the acts of the defendant's servants contributed to the injury, the defendant must respond in damages to the plaintiff, although the negligent acts of the persons in charge of the other car also contributed to the same result, and the comparative degree in the culpability of the two will not affect the liability of either. If both were negligent in a manner and to a degree contributing to the result, they are liable jointly and severally. (*Webster* v. *Hudson River R. R. Co.*, 38 N. Y., 260.)

There was no motion for a nonsuit on the trial, or request to the judge to direct a verdict for the defendant for the want of any sufficient evidence to authorize a recovery by the plaintiff. It was assumed, as well by those representing the defence, as by the court, that there was sufficient evidence of negligence to carry the case to the jury. The question whether the defendant was in fault, or whether the collision was wholly attributable to the negligence of the Harlem company and its driver, does not arise upon any exception taken at the trial, but is sought to be raised by a review of the order of the court below, overruling a motion for a new trial, and directing a judgment upon the verdict for the plaintiff. The motion was upon a case containing the evidence, and upon affidavits of newly discovered evidence.

The court, at Special Term, granted the application upon terms, and gave the defendant a new trial on the payment of the costs of the trial and of opposing the motion. The order does not indicate upon which of the two grounds, newly discovered evidence, or that the verdict was against the weight of evidence, the relief was granted. The terms imposed as a condition of the order were proper in either case, and show that the order was made by the court in the exercise of a legal discretion as a favor, and not as a matter of right for error in law. This order was reviewed by the General Term,

and judgment ordered pursuant to the verdict.   The appeal from the judgment brings up for review the order refusing a new trial, as an order involving the merits and necessarily affecting the judgment, so far as the matters decided are reviewable here.   Motions to set aside verdicts as contrary to evidence, as well as motions for a new trial upon the ground of newly discovered evidence, are not governed by any well defined rules, but depend in a great degree upon the peculiar circumstances of each case.   They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end.   (*Pres't, etc., of Brooklyn* v. *Patchin,* 8 W. R., 47 ; *Gray v. Bridge,* 11 Pick., 189.)

The exercise of this discretion is not reviewable on error. (*Moore* v. *Foster,* 10 B. Monr., 255 ; *Pelletreau* v. *Jackson,* 7 W. R., 471 ; *Pr. Chancellor in Pres't, etc., of Brooklyn* v. *Patchin, supra ; Hoyt* v. *Thompson's Ex'rs,* 19 N. Y., 207.) The defendant, by not objecting to submitting the question of negligence to the jury, conceded that there was evidence tending to prove the fact of negligence, and consented to a decision of the question by that tribunal, and having taken his chance of a favorable verdict, cannot now be heard to allege that the verdict is without evidence, and, therefore, against law.   The question of law, sought to be made here, should have been made on the trial.   If there was no evidence of negligence, it was error to submit the question to the jury, and, upon timely objection, would have been the subject of an exception, reviewable in this court.   But, by not taking the objection and exception at the trial, the defendant waived it, and it cannot be raised by a motion, addressed to the discretion of the court, to correct the error of the jury.   But if there was any evidence of negligence, or from which negligence could have been inferred, it was the right of the plaintiff to have the issue submitted to the jury, and it would have been error to take it from them ; and this court could not review the action of the jury, notwith-

standing there might be room for a difference in opinion, and we should think the jury had erred. Errors of the jury in the determination of issues of facts upon trials by jury, as regulated by the Code of Procedure, are not cognizable here. There was a conflict of evidence upon the trial, and the witnesses, upon either side, being unimpeached, the jury had a discretion to believe or disbelieve either or any of them. The testimony of some of the witnesses, if believed, tended strongly to fix the charge of negligence and gross carelessness upon the persons in charge of the defendant's car.

The night was shown to be dark and foggy, and it was not easy to discern objects in the distance, and the evidence of at least one of the plaintiff's witnesses was, that the defendant's car, before reaching the point of intersection of the two roads, was proceeding on a down grade at an unusual speed ; that just before the point of intersection was reached, the speed was greatly increased, and that, at the time of collision, the horses were on a full run; that the car approaching on the other road was seen by a person standing by the side of the driver, when 150 to 200 feet distant, and that the defendant's car could have been broken up and stopped while passing over less than thirty feet.

This evidence, unexplained and uncontradicted, with the other circumstances in the case, raised a fair question to be submitted to the jury, upon the alleged careless and reckless management of the defendant's car by the persons in charge, and whether the collision was attributable in whole or in part to those acts, and whether by a proper performance of their duty the collision might not have been avoided.

It is undoubtedly true that this evidence was greatly shaken and its force impaired by the testimony of other witnesses, but it was the province of the jury to determine where the truth lay, and although the evidence may be doubtful and such as we might, were we sitting as jurors, regard as unreliable, the verdict of the jury is conclusive here. There was no error in the charge of the judge, to the effect that the rate of speed of the defendant's car was an important element in con-

sidering the question of negligence, and that if the car was driven at an unusual rate of speed and by reason of such rapid speed the collision occurred, the plaintiff was entitled to recover.

There was no fact bearing more directly upon the question of negligence than the rate of speed at which the car was being driven, and the rate of speed before and as the car was approaching the place of intersection of the two roads, as well as at the time of actual collision, was material and relevant.

The approach and the manner of approach of the defendant's car to the place of actual collision was a part of the *res gestæ*, and could not be excluded from the consideration of the jury. The instruction to the jury that, if the defendant's driver saw the large car in time to break up and avoid the collision, he was bound to do so, was clearly proper. He had no right at the peril of the persons and lives of the passengers to hazard the experiment of passing beyond the point of collision before the other car would arrive at that point. The carrier of passengers has no right to experiment at the risk of those whom he carries. His duty is to exercise the utmost care and caution, and he is liable for slight neglect and for the result of hazardous experiments.

The jury were told that, if the driver thought he could cross in safety, he had no right to make the attempt unless there was sufficient time and sufficient space for him to pass without collision, of which the jury were the judges. This was a declaration in substance, although not in words, that, if the attempt to cross under the circumstances would have been deemed safe by prudent and discreet men, situated as the driver was, the act of crossing was not careless or negligent.

The exceptions to the refusals to charge as requested upon the subject of negligence, were not pressed upon the argument of this appeal. The refusal to each request was to charge otherwise than had been charged. Upon comparing the requests with the charge, as spread out upon the record,

it will be seen that the judge had charged in accordance with the several requests, and it was not error to decline to repeat the instructions, or to adopt the precise language of the defendant's counsel.

The defendant set up as a defence to the action, a settlement with and release of the Harlem Railroad Company for the injury complained of. The rule is, that a party receiving an injury from the wrongful acts of others, is entitled to but one satisfaction, and that an accord and satisfaction by, or a release or other discharge by the voluntary act of the party injured, of one, of two or more joint *tort feasors*, is a discharge of all. (*Knickerbocker* v. *Colver and Hawes*, 8 Cow., 111; *Livingston* v. *Bishop*, 1 J. R., 290; *Ruble* v. *Turner*, 2 Hen. & Munf., 38; *Bronson* v. *Fitzhugh*, 1 Hill, 185.)

There was no evidence of a release of the Harlem company. The plaintiff commenced an action against both corporations for the injury, which was discontinued, after an answer by the present defendant, and before the other defendant in that action had answered. The evidence was that the attorney for the Harlem company paid the attorney for the plaintiff $100 for the costs of the discontinuance, and the plaintiff's attorney paid the attorney of the present defendant his costs of that action. Twenty-five dollars were paid the plaintiff upon her calling upon her attorney and telling him that she was out of work and was in need, and, as she testifies, was given to her to help her. It does not appear that she knew the source from which the money came, or that she authorized her attorney to compromise and settle her claim against either company. There was no accord and satisfaction with or release by the plaintiff, and the authority of the attorney does not extend to a compromise or release. He may discontinue an action, because that relates to the conduct of the suit, and is within his retainer, and not to the cause of action. (*Gaillord* v. *Smart*, 6 Cow., 384.) An attorney cannot settle a suit and conclude the client in relation to the subject in litigation, without his consent. (*Shaw* v. *Kidder*, 2 How. Pr. R., 244; *Lewis* v. *Gamage*, 1 Pick., 347.)

The court was requested to charge the jury that, if they believed there had been a settlement with the Harlem Railroad Company for the injury claimed in this action, no matter how slight the consideration, this action could not be maintained. The request was proper in terms, and should have been complied with, if there was any evidence of such settlement.

The evidence only discloses an agreement to discontinue the action then pending, and the consideration paid was for that and nothing else, if the only witness who spoke upon the subject is to be credited, and without his evidence, there is no evidence of the payment of any money, or any agreement with the Harlem company. It was competent for the attorney, without the consent of his client, to discontinue the action and commence a new action against one of the defendants for the same cause, or he might have discontinued the action as against the Harlem company, and continued it against the other defendants. He might enter a *nolle prosequi* as to one of the defendants, and proceed against the others. (*Cloke* v. *Ingham*, 1 Wilson, 90.) In some of the earlier cases, a *nolle prosequi* was considered in the nature of a retraxit, operating as a release or discharge of the action, and an absolute bar to any future action for the same cause. (*Bedus* v. *Shuly*, Cro. Jac., 211; *Green* v. *Chancellor*, Croke El., 762; Bac. Ab. Release, G., citing *Parker* v. *Lawrence*, Hob., 70.) But, in later cases, this doctrine is negatived, and a *nolle prosequi* is held not to be in the nature of a retraxit or release, or a bar to a future action. (*Welsh* v. *Bishop*, Cro. Ch., 239; *Cooper* v. *Tiffen*, 3 T. R., 511; *Coux* v. *Sowther*, 1 Ld. Raymond, 597.) The law is now well settled that a *nolle prosequi* or nonsuit is no bar to an action for the same cause. There was no evidence that any compensation was paid or accepted for the injury. The money paid was upon another consideration, and not in satisfaction for the injury to the plaintiff, now complained of. There was no error in declining to submit the question to the jury, for the palpable reason that a verdict for the defendant upon the ground, that there

had been an accord and satisfaction for the injury, would have been without evidence and against evidence. Upon the statement of the attorney, who alone gave evidence upon this branch of the case, there is nothing to bar a new action against the Harlem Company for the same injury, and if there was any agreement to release, or not to sue that company in the future, there is no evidence of such agreement, even if the attorney had authority to make an agreement of that character which should bind his client.

The judgment should be affirmed.

All concurring, except RAPALLO, J., not voting, judgment affirmed.