OLIVER PEAKE, APPELLANT, *v.* CALVIN H. BELL, RESPONDENT.

*Practice — motion to set aside verdict as against evidence — when not maintainable.*

The failure of a defendant to move for a nonsuit, or to ask the court to direct a verdict for the defendant, is an admission that there is sufficient evidence to go to a jury, and the defendant is thereby precluded from moving to set aside the verdict as against evidence.

APPEAL from an order made at the Circuit, upon the minutes of the court, setting aside a verdict for the plaintiff, and directing a new trial.

This action was tried at the Circuit before a judge and jury. The jury found a verdict for the plaintiff. On the defendant's motion, then made upon the judge's minutes, to set aside the verdict and for a new trial, an order was made that a new trial be. granted "on the ground that the verdict of the jury in favor of the plaintiff is against evidence." From this order the plaintiff appeals.

There was no motion made for a nonsuit at the close of the plaintiff's evidence, or at the end of the trial. Nor was there any motion made by the defendant that the court should direct a verdict for the defendant.

A motion was made at the close of the trial by the plaintiff that the court should direct a verdict for the plaintiff. This the court refused, saying that the case was one for the jury

*D. D. Niles,* for the appellant.

*C. H. Bell,* for the respondent.

LEARNED, P. J. :

It has been repeatedly held that a failure to move for a nonsuit, or to ask the court to direct a verdict for the defendant, is an admission that there is sufficient evidence to go to the jury; and that the defendant is thereby precluded from moving to set aside the verdict as against evidence. (*Barrett* v. *Third Ave. R. R. Co.,* 45 N. Y., 628; *Sickels* v. *Gillies,* 45 How., 94 ; *Rowe* v. *Stevens,*

12 Abb. [N. S.], 389 ; *St. John* v. *Skinner*, 44 How., 198 ; *Ross* v. *Colby*, 10 S. C. N. Y., 546.)

The order appealed from should therefore be reversed with costs.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Order setting aside verdict reversed, with ten dollars costs and printing.