Lawrence, J.
It is too well settled to be questioned that, for a personal injury occasioned by the negligence of several persons, there is a separate liability as well as a joint one, and that the person injured may at his election sue both or either of the wrongdoers (See Creed v. Hartmann, 29 N. Y. 591 ; Roberts v. Johnson, 58 Id. 613; Barrett v. Third Ave. R. R. Co., 45 Id. 628, 631 ; Webster v. Hudson River R. R. Co., 38 Id. 260; People v. Tweed, 5 Hun, 382, 389).
*182 In this case, it is alleged that the defendants were jointly with certain other parties charged and chargeable with the duty of maintaining, rebuilding, repairing and caring for a certain bridge, known as Williams bridge, across the river Bronx, which in part forms one of the boundaries of said city of New York, and of keeping the said bridge and the approaches thereto in a good and safe condition. That in the latter part of the year 1881, the defendants, in discharge of the aforesaid duty, jointly with said other parties, caused said bridge to be repaired and rebuilt, and in so doing caused the flooring and timbers of said bridge to be removed, and the said bridge and its approaches otherwise made unsafe and unfit for passage, and were there charged and chargeable with the duty of erecting and maintaining in the said public street, road and highway, at the said approaches to said bridge, suitable and sufficient barricades, lights, &c., so that persons lawfully passing over said public street, road and highway, in the night time, might be warned of the unsafe condition of the bridge and its approaches. That the defendants, jointly with said other parties, wholly failed in the said last mentioned duty, and, on or about December 24, 1881, negligently and carelessly suffered and allowed the said bridge and the easterly approach thereto, to be and remain wholly open and unprotected and without any barricade, light, &c., for the' warning or protection of travelers, as aforesaid. That the plaintiff, in the evening of December 24,1881, in the night time, tvas lawfully passing along said public street, road or highway, into the city of New York, from the county of Westchester, in entire ignorance that said bridge or its approaches were in any other than a perfectly safe condition, and open and suitable and safe for travel, and, by reason of the said negligence of the defendants, the plaintiff, without any fault or negligence on *183 his part whatsoever, fell off of and over the said easterly abutment of said bridge, &c., and was thereby greatly damaged. The defendants demur on the ground that there is a defect of parties defendant, in that the parties alleged in paragraph second of the said complaint to be jointly chargeable with the defendants with the duty of maintaining the bridge therein referred to, are not made parties to the action.
I am of the opinion that the demurrer should be overruled.
The duty of the city of New York to maintain and keep in repair the bridge in question jointly with the county of Westchester, is imposed by chapter 163, of the Laws of 1880, which provides that the public bridges over the Bronx river, between the city and county of New York and the county of Westchester, which are now built or which'may hereafter be built, shall be built and maintained and kept in repair by the said city and county of New York and the county of Westchester, and the expense of building or repairing any of said bridges shall be a joint charge on the cily and county of New York and the county of Westchester. It will be perceived from the allegation of the complaint, that the work of repairing had been entered upon by the defendants jointly with other parties, and that the alleged accident to the plaintiff arose from the negligent performance of that duty. I find nothing which takes this case out of the operation of the general principle laid down in the cases heretofore cited, and the numerous other cases to the same effect, which are to be found in the books. Assuming that, both the authorities of Westchester county and the authorities of the city of New York were guilty of negligence, they were either jointly or severally liable at the option of the injured party. In the language of Allen, J., in Barrett v. Third Ave. R. R. Co. (45 N. Y. 631): “If both were negligent in a manner *184 and to a degree contributing to the result, they are jointly and severally liable.”
I have examined the cases referred to by the learned counsel to the corporation, and do not think there is anything contained in them which should induce me to hold that this case should not be disposed of upon the authority of the cases heretofore cited. The case of Theall v. Yonkers (21 Hun, 265, 267), is cited by the counsel to the corporation in support of the demurrer. But that case, which was a case in relation to a bridge between the city (formerly town) of Yonkers and the town of East Chester, was disposed of upon two grounds, the first of which was, that if it was the defendant’s duty to keep the bridge in repair, the evidence showed and the referee had found that the defendant was not chargeable with any notice of the defect in the bridge which caused the accident. The second point was that, finder the act of 1841, chapter 225, as amended by the Laws of 1857, ch. 383, the city and town were jointly liable, and such liability could only be enforced by action against the members of the Common Council of Yonkers and the Commissioners of Highways of East Chester, jointly. It is plain from an examination of the case that the decision of the second point was not necessary for the adjudication of the rights of the parties, the case having already been disposed of in favor of the defendant upon the first point. If, however, that case is to be regarded as going to the extent which is claimed by the counsel to the corporation, it seems to me to be opposed to the decisions of the court of last resort already referred to, and upon that point I cannot follow it as an authority.
The demurrer will, therefore, be overruled, with leave to the defendants to answer over upon payment of costs.