By the Court.—Truax, J.
The plaintiff moved under § 999 of the Code of Civil Procedure for a new trial, on the grounds that the verdict was against the evidence, and also against law.”
*370 The material question in the case was, what was the agreement which had been entered into between the parties hereto, ?
The evidence on that question is conflicting, and therefore the court rightly left it to the jury to determine the fact.
The plaintiff conceded that the evidence was conflicting, because he did not move the court to direct a verdict in his favor.
It is settled in this court that where evidence is conflicting, and the plaintiff neglects to ask the court to direct a verdict in his favor, he cannot afterwards sustain a motion for a new trial on the judge’s minutes on the ground that the evidence was insufficient to warrant the verdict—or on the ground that the verdict was contrary to the evidence. Rowe v. Stevens, 34 Super. Ct. 436; Sickle v. Gillies, 45 Howard, 94; Pollock v. Brennan, 39 Super. Ct. 477.
This court held in the case of Rowe v. Stevens, supra. that by not asking the court to direct a verdict in his favor, the party conceded that there was sufficient evidence to carry the case to the jury, and having consented to a decision by that tribunal, and having taken his chance of a favorable verdict which would have concluded his opponent upon the facts, he should not after-wards be permitted to allege that the verdict is without evidence or insufficiently supported by the evidence, and for that reason against law. See Barrett v. Third Avenue R. R. Co., 45 N. Y. 632.
It is true that where there is no conflict in the evidence, the question whether it is sufficient to support the verdict is one of law, and may be considered on a motion for a new trial on the minutes, if the motion is made on the ground that the verdict is against law— but that is not this case.
Here there was a conflict of evidence on the material point in the case.
*371 The plaintiff also moves for a new trial on the ground that the verdict was against law.
The law in this case was the judge’s charge, to which there was no exception.
A careful examination shows us that the verdict was not contrary to the charge of the court, but was in strict conformity to it.
In this case we think that substantial justice has been done, and that the jury decided in favor of, and not against the weight of the evidence.
Order appealed from affirmed with costs.
Sedgwick, Ch. J., and Dugro, J. concurred.