## HALSTED *v.* MANHATTAN RAILWAY COMPANY.

(New York Superior Court—General Term, February, 1893.)

It is settled law that if a party against whom a verdict is rendered on conflicting evidence neglects to request the court to direct a verdict, his motion for a new trial on the minutes, either on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will be denied.

Where there is no conflict of evidence, the question whether it is sufficient to sustain the verdict may, without such request, be considered where a new trial on the minutes is asked for on the ground that the verdict is against law.

No matter what the evidence may be as to the facts, a jury is not required to always find for the plaintiff in cases in which elevated railroad companies are defendants.

APPEAL from judgment, entered on a verdict of a jury, and from an order denying motion for a new trial.

*Roger Foster*, for plaintiff (appellant).

*Davies & Rapallo* (*Julien T. Davies* and *R. L. Maynard*, of counsel), for defendant (respondent).

GILDERSLEEVE, J. This action was brought to recover damages for injuries to plaintiff's premises caused by the maintenance and operation of defendant's elevated railroad. It was tried before a jury, who found in favor of defendant. From the judgment entered on their verdict, and from an order denying plaintiff's motion for a new trial, the plaintiff appeals to the General Term.

The plaintiff mainly relies for a reversal upon the contention that the plaintiff was at least entitled to nominal damages, and that, therefore, the motion for a new trial should have been granted. We do not think this proposition can be sustained. The plaintiff did not, at the close of the case, request the court to direct a verdict in his favor. He seemed to regard the case as one for the jury, in view of the conflict of evidence. He took his chance of securing a favorable verdict, which would have concluded the defendant upon the

facts.   He cannot now be heard to allege that the verdict is without evidence, and, therefore, against law.   The question of law, sought to be made here, should have been made on the trial.   If there was no evidence to warrant the verdict, it was error to submit the questions to the jury, which, upon timely objection, would have been the subject of an exception to be reviewed here.   But, by not taking the objection and exception at the trial, the plaintiff waived it, and it cannot be raised by a motion, addressed to the discretion of the court, to correct the error of the jury.   *Barrett* v. *Third Avenue R. Co.*, 45 N. Y. 632.

It is the settled law of this court that the party against whom a verdict is rendered on conflicting evidence, cannot sustain a motion for a new trial on the minutes, either on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, if he neglects to request the court to direct a verdict in his favor.   But where there is no conflict of evidence, the question whether it is sufficient to support the verdict may, without such request, be considered on a motion for a new trial on the minutes, made on the ground that the verdict is against law.   *Keeler* v. *Barrett's Dyeing Establishment*, 54 N. Y. Super. Ct. 369.   In the case at bar, there is a material conflict of evidence, and the questions of fact arising therefrom were properly submitted to the jury by the learned trial judge, and the jury, by their verdict, found in favor of defendant.   We are not disposed to interfere with this conclusion.

There is no law which requires a jury, no matter what the evidence may be as to the facts, to always find for the plaintiff in cases of this character, in which the elevated railroad companies are defendants.   It is the duty of the jury, under proper instructions of the court, to find as their conscience directs, in view of all the evidence.   This is, presumably, what they have done in the case at bar, and there is sufficient evidence to sustain their verdict.

There are no exceptions of enough importance to warrant a reversal.

The judgment and order appealed from must be affirmed, with costs.

SEDGWICK, Ch. J., and DUGRO, J. concur.
Judgment and order affirmed.