STEINAU v. SCHEUER et al.

(Supreme Court, Appellate Division, Second Department. March 2, 1897.)

APPEAL—REVIEW OF FACTS—MOTION FOR DIRECTION OF VERDICT.

    A party who does not move for the direction of a verdict is thereby precluded from contending on appeal that there is no evidence to support the verdict.

Appeal from trial term, New York county.

Action by Henrietta Steinau against Max Scheuer and another, as executors of the will of Simon Scheuer, deceased. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Rastus S. Ransom, for appellants.

Otto Horwitz, for respondent.

HATCH, J. It is conceded that the plaintiff was a creditor of the firm of Steinau Bros. & Co., in the sum of $5,000, at the date of the failure of said firm, in September, 1882. This indebtedness was represented by certain promissory notes given for money advanced by the plaintiff to the firm. The firm was also indebted to Simon Scheuer, the father of the plaintiff, now deceased, in the sum of $4,500. By an arrangement between the firm, the plaintiff, and her father, the latter was preferred, in the assignment made by the firm for the benefit of creditors, in the sum of $9,500, and the said notes were transferred to him. Subsequently Simon Scheuer received from the assignee of the firm the full amount of the sum for which he was preferred. Nothing was paid by Scheuer for the notes, and it was agreed that, of the preference, $5,000 should belong to the plaintiff, when received by her father. It is therefore conceded that Scheuer received for and on account of the plaintiff this sum of $5,000. The issue presented upon the trial, therefore, was whether he had ever paid over this money to the plaintiff. The plaintiff's husband was a member of the firm of Steinau Bros. & Co. He testified that Scheuer stated to the plaintiff, in his presence, that he had received the plaintiff's money, and would keep the same on deposit for her until she wanted it. Subsequently the wife formed a business co-partnership with other parties, which the husband managed. In 1888 the husband testified that a conversation was had between the plaintiff and her father about investing more money in the business. The father advised against it until she found out whether or not the business was a success, and advised her to wait, at least, a year, to which the plaintiff assented. The subject again came up in 1889, when the husband testified that plaintiff asked her father for the $5,000 to enlarge her business, and he refused to give it to her, upon the ground that the prior business transactions of the husband had failed, and he did not wish to see her lose the money. The money was not then paid over, but continued to be retained by the father. This testimony found corroboration to some extent in the testimony of Isadore Starck, a brother-in-law of the former witness, who said that Scheuer told him that he had obtained his daughter's money, and would take good care that she did not get it, so that her husband would have a chance to lose it a second time. It is true that the husband, who was examined at great length, made many contradictory statements, and the jury undoubtedly possessed the power and had the right to disregard and reject entirely his statement, as well as the testimony of Starck. They equally had the power and right to accept this testimony, and make it the basis of their verdict. So far as the testimony was contradictory, it related to other transactions than were embraced in the conversations nar-

rated.  As to these there was no substantial contradiction, and the fact that there was variance of statement in other respects did not deprive the jury of giving force to the testimony bearing upon the matter in dispute, and basing their verdict thereon.  So far as Starck's testimony is concerned, it was only discredited by his relationship, and perhaps from the circumstances and time when the statement was made by Scheuer, and his memory of what was simply a casual conversation for so long a period.  But these were matters which went to his credibility.  They did not destroy his testimony, nor the right of the jury to give it entire credence. Up to this point we have considered the effect which the jury might have given to plaintiff's testimony as establishing affirmatively, not only that the money was received, but that it was not paid over. But it was conceded that Scheuer became possessed of $5,000 of plaintiff's money, and, when this fact appeared, it became incumbent upon defendants to establish that it had been paid.  Of course, as the father is now dead, and the claim was not enforced during his lifetime, when it might have been, a finding of payment may be supported upon slight proof tending to establish it, and courts will be astute in many cases in their search for testimony upon which to rest such a finding.  But in all cases there must be something to support it.  In this case there was no direct proof to show that the money had ever been paid over during the lifetime of the father.  It was claimed to have been established by showing that plaintiff immediately embarked in business under the management of her husband, with the goods sold at the assignee's sale, which were bid in for her by her father, and at her request, and that she was permitted by the father to take all of the goods which were bid in by him at such sale without payment, and from this source received the whole of her money, either for her own benefit or for the benefit of her husband.  This claim, however, was denied by the plaintiff and her husband; and while the evidence was conflicting, and the contradictions of the husband many, yet we think the tribunal for the settlement of such fact was the jury, and that its finding thereon does not admit of disturbance by us, under well-settled principles.  Hopkins v. Clark, 7 App. Div. 215, 40 N. Y. Supp. 130;  Hickinbottom v. Railroad Co., 15 N. Y. St. Rep. 11.

The defendants, upon the trial, made no motion for a nonsuit or for the direction of a verdict.  They therefore conceded that a question of fact was presented for determination by the jury, and by this concession they are bound, and cannot now be heard to say that the verdict is without evidence to support it (Barrett v. Railroad Co., 45 N. Y. 628;  Peake v. Bell, 7 Hun, 454;  Clement v. Spring Co., 91 Hun, 637, 35 N. Y. Supp. 1004);  and the verdict is not so clearly against the weight of evidence as to call for a disturbance of it.

We find nothing in the case which calls for our interference with the judgment.  It should therefore be affirmed, with costs.  All concur.