(21 Misc. Rep. 533.)

### SEIFERD v. MULLIGAN.

(City Court of New York, General Term.    October 26, 1897.)

APPEAL—SUFFICIENCY OF EVIDENCE.

On the trial of an action to recover $1,500 paid to defendant to be invested in mortgages, plaintiff's counsel stated to the jury that his client would testify that no mortgages were ever delivered.    No such testimony was given, but defendant made no motion for nonsuit nor for direction of a verdict on that ground.    *Held*, that on appeal defendant could not insist that there was no evidence to support the verdict for plaintiff.

Appeal from trial term.

Action by Lena Seiferd against Agnes K. Mulligan.    Judgment for plaintiff.    Defendant appeals.    Affirmed.

Argued before FITZSIMONS, SCHUCHMAN, and CONLAN, JJ.

Forster & Spier, for appellant.

M. Meyer, for respondent.

SCHUCHMAN, J.    This is an appeal from a judgment entered on the verdict rendered by a jury, and from an order denying a motion for a new trial, made on the judge's minutes.    The action is brought to recover the sum of $1,500, alleged to have been given to the defendant, to be invested on two bonds and mortgages.    The defendant at the time gave the following receipt:

"Received from Lena Seiferd the sum of fifteen hundred dollars ($1,500), to place on second mortgage on two certain houses and lots, 44x150 feet, situated E. S. of Prospect avenue, distant 740, 7½ N. of Tremont avenue, for which I agree to sign the bonds.                    Agnes K. Mulligan.

"The amount becomes due and payable eighteen months from the date hereof.
                                      "Agnes K. Mulligan."

The defendant admits that she received the $1,500 to be thus invested, but she says that the agreement was afterwards modified, in that she was to, and did, give a promissory note.    The plaintiff, however, testifies that she never received any note; that the only paper she received was said receipt.    The defendant concedes that no bonds were ever delivered to the plaintiff, but simply asserts that

a promissory note and the two mortgages were delivered to the plaintiff. It thus appears conclusively that no bonds were ever delivered, and that, to that extent, the mortgages were good for nothing. The question whether a note was given was in conflict, and the jury's verdict disposed of that. It is true that the plaintiff's attorney boldly asserted that he would have his client to testify that no mortgages were ever delivered to the plaintiff, but he failed to do so. It was incumbent on him to prove that fact, but the defendant did not make a motion for a nonsuit, or for the direction of a verdict on that ground at the end of the trial. If he had done so, the attention of the plaintiff's attorney and of the court would have been drawn to that point, and the omission could have been remedied. Having, however, failed to make that motion, he conceded that the question of fact was presented for determination to the jury, and by this concession he is bound, and cannot now be heard to say that the verdict is without evidence to support it. Steinau v. Scheuer, 15 App. Div. 5, at page 8, 43 N. Y. Supp. 1114; Barrett v. Railroad Co., 45 N. Y. 628. We cannot say that a verdict is so clearly against the weight of evidence as to call for a reversal, because all the inferences that can be drawn from the evidence adduced by the plaintiff as well as by the defendant lead to the inevitable conclusion that no mortgages and no bonds or note were delivered to the plaintiff, and therefore judgment is affirmed, with costs.

FITZSIMONS, J., concurs.

