PLEADING—CHARGE OF LICENTIOUS CONDUCT—BILL OF PARTICULARS.
    Where an answer charging plaintiff with improper and licentious con-
    duct is denied, it is proper to require a bill of particulars to specify all
    the details on which defendant expects to rely to prove the improper con-
    duct.

Appeal from special term.

Action by Blanche A. Burrell against William F. Coles.   From
an order requiring defendant to file a bill of particulars, defendant
appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER,
JJ.

B. W. Moore, for appellant.
P. S. Jones, for respondent.

PER CURIAM.   The charge made by the defendant that the plain-
tiff was guilty of improper and licentious conduct, as alleged in his
answer, is certainly a very serious one, and, in view of the plaintiff's
denial, we think that the defendant should in his bill of particulars
specify all the details upon which he relies, and hopes to produce upon
the trial, for the purpose of proving the improper conduct.   We
think that the general charge made by him is not sufficient, without
such details, to enable plaintiff, upon the trial, to deny in every in-
stance such alleged misconduct, if possible.

The order, in our judgment, was a proper and reasonable one, and
must be affirmed, with costs.

(25 Misc. Rep. 311.)

MEYER v. SUBURBAN HOME CO.

(City Court of New York, General Term.   November 18, 1898.)

1. APPEAL—REVIEW—MOTION FOR DIRECTION OF VERDICT.
    A party who does not move for the direction of a verdict is thereby pre-
    cluded from contending on appeal that there is no evidence to support the
    verdict.

2. SAME—JURY TRIAL.
    To review the facts of a jury trial the appeal must be from an order
    denying a new trial.

Appeal from trial term.

Action by Adam Meyer against the Suburban Home Company.
From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER,
JJ.

Horace Grave, for appellant.
Michael J. Kelly, for respondent.

CONLAN, J. This is an appeal from a judgment entered on a verdict of a jury. The action was brought to recover commissions earned by the plaintiff as a salesman of real estate for the defendant. Judgment was entered on the 11th day of June, 1898. The case was tried before Mr. Justice Schuchman and a jury on the 16th and 17th days of June, 1898. The defense was that the plaintiff was not employed by the defendant, but by one Hewitt, who had no authority to employ the plaintiff for the defendant's company; and that Hewitt employed the plaintiff expressly as his servant, and not as the servant of the company. At the close of the testimony no motion was made to dismiss the complaint, or to direct a verdict for the defendant. This must be taken as an admission on the part of the defendant that there was evidence on which a jury could find for the plaintiff, and precludes it from saying that the verdict is without evidence to support it. Steinau v. Scheuer, 15 App. Div. 5, 43 N. Y. Supp. 1112; Peake v. Bell, 7 Hun, 454. Again, the appeal is from the judgment only, there being no appeal from the order denying the motion for the new trial. The facts were not brought up for review. Boos v. Insurance Co., 64 N. Y. 236. We have examined the exceptions taken by the defendant to the exclusion and admission of evidence on the trial, but find no error that calls for reversal of the judgment.

Judgment affirmed, with costs. All concur.