(36 Misc. Rep. 131.)

### SMITH v. CONSOLIDATED GAS CO. et al.

(City Court of New York, General Term. October, 1901.)

JOINT TORT FEASORS—RELEASE.

Where a person injured by the negligence of certain parties discharges one of them, a reservation in the discharge of a right to sue the others is unavailing, and all are discharged from liability.

Appeal from trial term.

Action by Simon Smith against the Consolidated Gas Company and the Warren-Scharf Asphalt Paving Company. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

Robert H. Ernest (Percy W. Crane and J. Aspinwall Hodge, Jr., of counsel), for appellant.

David McClure, for respondents.

FITZSIMONS, C. J. The plaintiff, it appears, was injured by the negligence of the defendants. Some time after the commencement of this action the plaintiff made and executed the following agreement with the asphalt company, and it was made part of the Consolidated Gas Company's answer as a defense:

"Whereas, Simon Smith has made claim against the Warren-Scharf Asphalt Paving Company for damages for personal injuries received by the said Smith by his wagon falling into an excavation of 3rd street, near Avenue C, in the city of New York, on or about the 20th day of April, 1898; and whereas, the said Warren-Scharf Asphalt Paving Company, to avoid litigation, but admitting no liability for said damages, has agreed to pay the said Smith the sum of one hundred and fifty dollars, and it being distinctly understood by the parties hereto that the said sum of one hundred and fifty dollars is received by the said Smith only as part payment on account of any claim for damages he may have against the Consolidated Gas Company, and is not received by the said Smith in satisfaction of his claim for damages against the said Consolidated Gas Company: Now, therefore, I, the said Simon Smith, for and in consideration of the said sum of one hundred and fifty dollars, to me paid by the said Warren-Scharf Asphalt Paving Company, do hereby promise and agree that I will not ask for or make any demand upon the said Warren-Scharf Asphalt Paving Company for any damages sustained by me as aforesaid, and I will not bring any action or proceeding at law or in equity against the said company for any damages sustained by me as aforesaid, or for any damages to my said wagon; nevertheless reserving and retaining all claim I have made against the said Consolidated Gas Company for damages as aforesaid.

"In witness whereof I have hereunto set my hand this 23rd day of June, 1898.

                                                        his
                                          "SIMON  X  SMITH.
                                                       mark.

"In the presence of B. F. Findley.
"Acknowledgment dated June 23, 1898."

Upon the trial no evidence was introduced by either side, and the making and execution of the agreement above mentioned was admitted. The trial justice dismissed the complaint, upon motion of the defendants' counsel, upon the ground that said agreement in law

also discharges the Consolidated Gas Company from all damages sustained by plaintiff by reason of the injuries complained of.

In dismissing the complaint, we think, the trial justice acted properly. A person wrongfully injured, as was the plaintiff, is entitled to but one satisfaction of his claim for damages, let there be one or many tort feasors. If the injured person fully acquits, discharges, and satisfies his claim against one of them, such act ipso facto releases, discharges, and satisfies his claim against all the wrongdoers. The mere fact that he states in the agreement in question that he intends to satisfy and discharge his claim. against one cannot change the rule of law that he is entitled to only one satisfaction. In this case he has received such satisfaction, and now the law says he shall receive no other or further satisfaction. Barrett v. Railroad Co., 45 N. Y. 635. Judgment affirmed, with costs and disbursements.

Judgment affirmed, with costs. All concur.