### BRILL v. LEVIN et al.

(Supreme Court, Appellate Term. January 19, 1904.)

1. TRIAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Any error in excluding the question put to plaintiff's witness on cross-examination as to what driver he delivered certain goods was cured when the same witness was subsequently allowed to state that he gave the goods to a certain driver named.

2. SAME—MOTION TO SET ASIDE VERDICT.

A motion to set aside a verdict as against the weight of evidence is addressed to the sound discretion of the trial judge.

Appeal from City Court of New York, Trial Term.

Action by Sarah Brill against Samuel Levin and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Manheim & Manheim, for appellants.

C. G. F. Wahle, for respondent.

GILDERSLEEVE, J. The action was brought to recover the sum of $109.26 for the services of the plaintiff in sponging certain cloths for the defendants. The latter claim that there was to be a discount of 15 per cent., leaving, as the amount due, had plaintiff completed her contract, $91.88; but they allege that only a portion of the cloth was returned by the plaintiff, and they counterclaim $76.05, as the value of the cloths that were not returned. The plaintiff denies these allegations. The issues were submitted by the court to the jury in a charge to which no exception was taken. The defendants made no motion to dismiss the complaint or for the direction of a verdict, nor did they except to the submission of the issues to the jury. After the verdict of the jury had been rendered in the plaintiff's favor, the defendants' counsel moved to set aside the verdict on the ground that "it is against the evidence, and the weight of evidence, and on the

¶ 2. See New Trial, vol. 37, Cent. Dig. § 10.

exceptions taken during the trial, and on the ground that it is against the law," and on all the grounds stated in section 999 of the Code. The motion was denied, and the defendants duly excepted. The defendants now appeal to this court from the judgment, and from the order denying defendants' motion for a new trial.

None of the defendants' exceptions to the admission or exclusion of evidence is of sufficient importance to require discussion. It may be observed, however, that if the exclusion of the question, viz., "Q. To what driver did you deliver those goods?" put to plaintiff's witness on cross-examination, was improper, it was subsequently cured when the same witness was allowed to state that he gave the pieces (meaning the goods) "to the driver that goes to Mr. Levin." The defendants having, as we have seen, acquiesced in the submission of the issues of fact to the jury, and the testimony presented by the plaintiff, if credible, being sufficient to support the verdict, the judgment should not be disturbed. There was a conflict of testimony. The credibility of witnesses and the weight to be given to conflicting and contradictory testimony are questions of fact for the jury.

The motion to set aside the verdict as against the weight of evidence was addressed to the sound discretion of the trial judge. He saw the witnesses and heard them testify, and could best determine whether substantial justice had been done. Barrett v. Third Ave. R. Co., 45 N. Y. 628; Kelly v. Frazier, 27 Hun, 314. We think it cannot truthfully be said that the verdict is clearly against the weight of evidence. We are of the opinion that the denial of the motion was not an abuse of discretion.

The judgment and order should be affirmed, with costs. All concur.