In the Matter of the Application of METROPOLITAN BROADCASTING CORP., a Corporation, for Voluntary Dissolution, Pursuant to Section 103 of the General Corporation Law. PAUL GOLLHOFER, Appellant; JOSEPH HUSID, Receiver-Respondent; LILLIAN E. KIEFER, Respondent.—In a proceeding based upon article 9, section 103, of the General Corporation Law, for the dissolution of Metropolitan Broadcasting Corp., order resettling and amending the final order of August 13, 1936, so as to strike therefrom the directory provision in effect that the said corporation be dissolved and that it cease operating and doing business, reversed on the law, with ten dollars costs and disbursements, and motion for resettlement and amendment denied, with ten dollars costs. We are of opinion (1) that the final order properly contained the provision thus struck from it (General Corporation Law, § 117); and (2) that the Special Term was without power, upon a motion to resettle it, to strike therefrom the questioned provision and to allow the receiver to continue its business. (1 Carmody's New York Practice, § 389, p. 563, and cases cited; *Herpe* v. *Herpe*, 225 N. Y. 323, 327.) Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ., concur.

In the Matter of the Petition of MILTON MILLER to Prove the Last Will and Testament of EDWARD H. MILLER, Late of the County of Kings, Deceased. CLAIRE PASTER MILLER, Appellant; SYLVIA SMITH, Respondent.— Order of the Surrogate's Court of Kings county of June 26, 1936, denying appellant's application to vacate an order permitting respondent to withdraw her waiver of citation and consent to probate reversed on the law and the facts, with ten dollars costs and disbursements to appellant, payable out of the estate, and motion granted, with ten dollars costs. Order of the Surrogate's Court of Kings county of September 23, 1936, denying appellant's motion to strike out the objections to probate contained in the answer of the respondent reversed on the law and the facts, without costs, and motion granted, without costs. In our opinion, the record discloses a complete failure upon the part of the respondent to set forth facts forming a basis for the belief that she has a reasonable expectation of success in contesting the will, and the failure to set forth such facts precludes her from obtaining the relief sought, namely, to vacate the waiver and consent which she had executed. Hagarty, Davis and Johnston, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote to affirm on the grounds that discretion was fairly exercised by the surrogate, and that the merits should not be determined on affidavits.