In the Matter of the Estate of FRANCESCO F. CUSIMANO, Also Known as FRANCESCO F. CUCUMANO, Also Known as FRANK CUSIMANO, Deceased.

Surrogate's Court, Kings County, September 27, 1940.

*David K. Shappiro*, for Santi Amoroso, as attorney in fact for Giuseppina Cusimano Minneci, contestant, for the motion.

*William M. Capodici*, former attorney for Giuseppina Cusimano Minneci, contestant, opposed.

*Alphonse J. Garafola*, for Nazareno Gullo and Irving Trust Company, proponents, opposed.

*James C. O'Connell*, for Giuseppe Busa, legatee, opposed.

*Barber, Matters & Gay*, for Mrs. Jose Cusimano Irvine, Nina Cusimano and Olga Cusimano, contestants.

*Arthur J. Blank*, for the Columbus Hospital and the Missionary Sisters of the Sacred Heart, legatees.

*Breed, Abbott & Morgan*, for the United Hospital Fund of New York, legatee under prior will.

DODD, J., Acting Surrogate.   This decedent died on September 30, 1939.   Twenty-seven days later two testamentary documents, purporting to have been executed by him, were filed in this court. The first is dated April 13, 1937, and, so far as presently material, provides for a legacy of $5,000 to his sister, Giuseppina Cusimano Minneci, if she shall survive him.   It also provides that this sister should receive one-half of his " personal effects " which, it has been stated without contradiction, are wholly negligible in value. The second instrument purports to have been executed on September 25, 1939.   Under its terms, the legacy to Mrs. Minneci was reduced to $200.

Cotemporaneous with the filing of these instruments, a petition for the probate of the later will was submitted and citation issued. Objections were filed on behalf of five parties, including Mrs. Minneci.   She was represented by William M. Capodici, to whom she gave a formal power of attorney which was duly recorded in this court in liber 19 of Powers of Attorney at page 120.   This authorized him to represent her in the will contest and accorded him " full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present."

Extended negotiations ensued between the proponents and the objectors seeking to compose their differences.   Up to the date of the trial these proved abortive owing to the fact that Mr. Capodici, representing Mrs. Minneci, refused to withdraw the objections filed

on her behalf unless she received every cent of the $5,000 bequeathed her under the former alleged will. This stalemate continued up to the very day on which the issues were set for trial, when the proponents capitulated and agreed to pay the entire $5,000 in consideration of the withdrawal of her objections. A stipulation dated June 11, 1940, was thereupon executed by and on behalf of all parties withdrawing the contest and the proceeding was marked for decree.

It might have been supposed that Mrs. Minneci would have been jubilant at the unqualified success attained by her attorney on her behalf, especially since her refusal to advance any funds to finance the contest had compelled him to bear the entire burden in this as well as in every other aspect by reason of the fact that his client is a resident of Italy. The contrary, however, proved to be the fact. She immediately discharged him and substituted another attorney who has now moved this court to permit his substitution as attorney of record, to vacate the stipulation of settlement, and to permit the resumption of the contest. That he is entitled to substitution is denied by no one. All of the other parties to the proceeding, however, join in protests against a reopening of the proceeding.

None of the attorneys who have so earnestly and extensively urged their opposing views on this application, have cited any precedent which is directly applicable to the present situation and the research of the court has been equally fruitless. This is not a cause for astonishment, since it must, indeed, be rare that a client whose attorney has been successful in securing, to the uttermost farthing, his financial rights, would repudiate the action by which they were secured.

The legal problems involved are conceivably viewable from two aspects, namely, *first*, respecting the efficacy of the stipulation of discontinuance of the contest, and, *second*, as affecting the continued rights of litigation of the client.

" It has long been settled that the authority of an attorney extends to the management of the cause in all the exigencies which arise during its progress, and that, in the absence of fraud, his authority cannot be questioned by his client because of the want of specific authority to do the act done or consented to." (*Clinton* v. *New York Central & H. R. R. Co.*, 147 App. Div. 468, 470.) It has accordingly been held that an attorney possesses implied authority to discontinue an action, and that his act in so doing is binding upon his client. (*Gaillard* v. *Smart*, 6 Cow. 384, 388; *Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y. 628, 635. See, also, *Cox* v. *New York Central & H. R. R. Co.*, 63 id. 414, 419.)

In the present situation, whereas in one aspect the action of the attorney constituted a discontinuance, it had the further effect of putting an end to the then existing cause of action of his client. When this right is analyzed, however, it becomes obvious that such result is one of superficial appearance only. The client possessed a claim *in rem* to receive the sum of $5,000 from the estate of the decedent provided she was able to establish that the later will was invalid. Stated equivalently, the utmost extent of her claim against the estate assets was $5,000. This claim was not destroyed by the action of the attorney, but was established as valid. In other words, the result of the attorney's action was the substantial equivalent of the procurance by consent of a judgment in favor of his client for the full amount of her demand. It requires no exposition to demonstrate that an action of this nature was not only clearly within his authority, but accomplished the precise purpose of his original retainer.

The situation here disclosed presents a much stronger case for sustaining the action of the attorney than that which received favorable adjudication in *Clinton* v. *New York Central & H. R. R. R. Co.* (147 App. Div. 468), in which an action for merchandise mistakenly delivered was discontinued by the attorney on the understanding that a claim for the goods should be presented to the receiver of the potential obligor.

The principle has repeatedly been enunciated that an attorney possesses no inherent authority to settle the rights of his client by compromise. (*Mandeville* v. *Reynolds*, 68 N. Y. 528, 540; *McKechnie* v. *McKechnie*, 3 App. Div. 91, 98; *City of Syracuse* v. *Standard Accident Ins. Co.*, 210 id. 165, 169; *Sherman & Sons Co.* v. *Princess Shirt Waist Mfg. Co.*, 213 id. 140, 142; *Countryman* v. *Breen*, 241 id. 392, 394; affd., 268 N. Y. 643.) The action in the present case was, however, not a compromise. The meaning universally attributed to this term is an " adjustment of matters in dispute, *by mutual concession,* without resort to law." (*Matter of Sidman*, 154 Misc. 675, 680; *Matthews* v. *Matthews*, 49 Me. 586, 587; Bouvier Law Dict. 574.) Here the representative of Mrs. Minneci made no concession whatsoever. He demanded, insisted upon and received everything to which she was entitled. His opponents received no concessions. They surrendered unconditionally to his demands. His action was proper and the other parties to the proceeding were entitled to and did rely upon it and may not now be compelled to incur further trouble and expense because of the caprice of a wholly unreasonable client. (*Palen* v. *Starr*, 7 Hun, 422, 423; *Leet* v. *McMaster*, 51 Barb. 236, 242.)

Even were the contrary to be deemed the fact, Mrs. Minneci can lay claim to a status no higher than one who has suffered an ordinary default and seeks its opening. In such a situation a reasonable demonstration of merits and probable success is required. (*Matter of Miller*, 249 App. Div. 752; *Matter of Salomon*, 159 Misc. 379, 385; affd., 251 App. Div. 740 and authorities cited.) In this respect the present moving papers are wholly insufficient.

In conclusion, it may be observed that the presentation of this application under such extraordinary circumstances induces a suspicion that its underlying purpose is in some manner to prejudice the right to remuneration of the deposed attorney whose efforts have been crowned with such conspicuous success. If such, in fact, be the motive, it is one with which the court possesses a minimum of sympathy. The client possesses an absolute right to change attorneys at any time and this right will, of course, be validated and the retiring attorney will be directed to turn over to his successor all papers of his former client now in his possession. His lien for services will be transferred therefrom and impressed upon all distributive rights of his client in the assets of the estate. The order will further contain provisions restraining the executors, when appointed, from paying out any sums to Mrs. Minneci or any other person purporting to represent her or succeeding to her interest until the compensation due Mr. Capodici has been fixed and paid, or funds for its payment earmarked. In this connection and by way of further admonition to the executors, it is to be noted that by reason of his discharge, any agreements respecting the amount of his remuneration have been abrogated and he is entitled to an award on a *quantum meruit* basis (*Matter of Montgomery*, 272 N. Y. 323, 326; *Matter of Tillman*, 259 id. 133, 135; *Matter of Pagnotta*, 161 Misc. 415, 418; *Matter of Jaffe*, 165 id. 407, 410), with due regard accorded to the fact that he acted on a wholly contingent basis.

The second phase of the motion to vacate the stipulation of June 11, 1940, and reinstating the contest of the proceeding will in all respects be denied, with costs, for the reasons hereinbefore elaborated.

Enter order, on notice, in conformity herewith.