De Forest C. Pitt, J.
This is a proceeding brought pursuant to article 78 of the Civil Practice Law and Rules.
Petitioner, while in the course of his duties as a Long Island State Park Commission patrolman suffered injuries when struck by an automobile. Thereafter, he made application to respondent, New York State Employees’ Retirement System, for accidental disability retirement. This application was disapproved. Following such disapproval petitioner demanded a hearing and redetermination of his application. Such hearing Avas held and a determination made which, in effect, again disapproved petitioner’s application. Petitioner’s request for a rehearing was denied. He then requested respondent to forward a new application form enabling him to again apply for accidental disability retirement based upon injuries sustained in the said accident, and such request was denied.
At the outset it should be noted that the petitioner is not seeking a judicial review of the determination of the aforesaid hearing. He is seeking an order compelling the respondent to furnish him with a new application and granting him the right to again apply for accidental disability retirement, or in the alternative compelling respondent to hold a rehearing of this matter.
The petitioner maintains that such new application on rehearing is Avarranted by the discovery of “ new evidence”. It appears that subsequent to the date of the aforesaid hearing the petitioner was examined by a psychiatrist and was found to be suffering from a neuropsychiatric disability which, in the opinion of such physician, ‘ ‘ disqualifies him for the duties of a patrolman.” At the time of the aforesaid hearing no contention was made by the petitioner of any neuropsychiatric disability and no evidence Avas taken upon this matter. It is not clear whether or not such alleged disability existed at the time of the hearing, but the report of petitioner’s psychiatrist appears to indicate that the same is of recent development and it is clearly shown that no physician was consulted in regard to such disability until subsequent to the hearing.
*263 Respondent maintains that the determination made following the hearing is conclusive inasmuch as petitioner did not seek review of the same within the time prescribed by law. It would appear that in this respect that respondent’s position is well taken. However, as previously stated herein, petitioner is not seeking a review in this proceeding.
The questions raised here are whether or not the refusal to gratít a rehearing and the refusal to forward a new application form to the petitioner were determinations which were arbitrary and capricious or an abuse of discretion.
A review of the exhibits attached to the petition reveals that in his request for a rehearing the petitioner fully advised the respondent of his then existing neuropsychiatric disability and attached to such request a copy of the report of his psychiatrist. The respondent, therefore, had knowledge of petitioner’s neuropsychiatric complaints at the time of the request for the rehearing and at the time of the subsequent request for a new application.
It is felt that the issues presented are similar to the same considered upon a motion for a new trial on the grounds of newly discovered evidence.
A review of the cases upon the question of a new trial clearly shows the same is granted or denied in the discretion of the court. “ [M]otions for a new trial upon the ground of newly discovered evidence, are not governed by any well-defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end.” (Barrett v. Third Ave. R. R. Co., 45 N. Y. 628, 632; Brinkman v. Brinkman, 15 A D 2d 587, 588.)
Petitioner is suffering extreme financial as well as physical and mental discomfort. Weekly he is forced to lose several days from his employment. It is this court’s opinion that inasmuch as the respondent, at the time of its refusal to grant a rehearing of this matter, was fully cognizant of the fact that the petitioner was so prevented from attending his employment, and was further cognizant that subsequent to the hearing petitioner developed, or at least first became aware of, a neuropsychiatric disability, its refusal to grant such rehearing was improper. It is the opinion of this court that such refusal under the circumstances thwarted the accomplishment of substantial justice and was indeed quite arbitrary and capricious and an abuse of respondent’s discretionary authority.
*264 A rehearing of this matter should he had, with the inquiry of the same limited to such physical and mental disability as may have developed since the date of the previous hearing, or which first came to the knowledge of the petitioner subsequent to such date. Submit order accordingly.