CLINTON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.    November 29, 1911.)

1. ATTORNEY AND CLIENT (§ 101*)—AUTHORITY OF ATTORNEY—COMPROMISE.

A party's attorney of record may compromise his client's cause of action, under the rule that an attorney's authority extends to the management of the cause in all the exigencies which arise during its progress; and in the absence of fraud his authority cannot be questioned by his client for want of specific authority to do the particular act.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 209–216; Dec. Dig. § 101.*]

2. JUDGMENT (§ 585*)—BAR—IDENTITY OF CAUSE OF ACTION.

Where defendant railroad company, after having delivered certain rails to a railroad company of which plaintiff was receiver, retook the rails or recovered possession without authority, a judgment recovered by plaintiff receiver for the conversion of the rails did not affect defendant's claim against plaintiff as receiver for the value of the rails delivered.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 585.*]

Appeal from Special Term, Oswego County.

Action by Eugene Clinton, as permanent receiver of the Otselic Valley Railroad Company, against the New York Central & Hudson River Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed.

The plaintiff appeals from an order of the Supreme Court, made at the Oswego Special Term and entered in the office of the clerk of the county of Madison, August 21, 1911, canceling and vacating a judgment for $324.77 entered in said clerk's office December 2, 1910, in favor of the plaintiff, and directing that the issues be brought to trial and tried in the manner prescribed for the trials of actions at law, "and that neither party shall be prejudiced in reference thereto by reason of any of the prior proceedings herein." The action in which the order was made was commenced in September, 1909, to recover $225, the value of 30 steel rails, alleged to have been wrongfully taken and detained by the defendant. The rails were a portion of a shipment of rails, of the value of $7,493.67, which had been delivered by its agent to the Otselic Valley Railroad Company. Upon the stipulation of Hiscock, Doheny, Williams & Cowie, attorneys of record for the defendant, and plaintiff's counsel, the issues were brought to trial before Mr. Justice Coman, without a jury, June 1, 1910. At the close of plaintiff's case the hearing was adjourned to June 30, 1910. During the adjournment the attorneys for the parties had several conversations with reference to the action and the claim of the defendant for the rails, which had been delivered by its agent without collecting the value thereof, according to the terms of the sale. It appears by the affidavit upon which the order was granted that in the course of these conversations a suggestion was made by the attorney for the plaintiff that the various questions in dispute between the parties to the action should be adjusted and settled and compromised, by permitting the plaintiff to take judgment for the amount claimed in the complaint, with costs, and that a claim should be filed with the plaintiff for the sum of $7,493.63, "upon which there would ultimately be paid the dividend, which the general creditors of that company would receive; * * * that the advantages of this course to the parties, and the respective objections which suggested themselves to the plaintiff's attorney and deponent, were talked over on different occasions, and as a result thereof deponent consented to such a disposition of the case and of said claim;" that findings of fact and conclusions of law were prepared by the attorney for the plaintiff, submitted to deponent, and approved by him, after which the judgment in question was entered. It is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

also stated in the affidavit that this arrangement was made by the deponent without the knowledge or approval of the defendant.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

M. H. Kiley, for appellant.

Alexander H. Cowie, for respondent.

SEWELL, J. We are of the opinion that no express authority from the defendant to assent to the findings or judgment was necessary.

[1] It has long been settled that the authority of an attorney extends to the management of the cause in all the exigencies which arise during its progress, and that, in the absence of fraud, his authority cannot be questioned by his client because of the want of specific authority to do the act done or consented to. Denton v. Noyes, 6 Johns. 296, 5 Am. Dec. 237; Gaillard v. Smart, 6 Cow. 385; Palen v. Starr, 7 Hun, 422; Cox v. N. Y. C. & H. R. R. R. Co., 63 N. Y. 419.

[2] We are also of the opinion that there is no force in the contention that a claim of the defendant for rails alleged to have been wrongfully delivered to the Otselic Valley Railroad Company was released or compromised by the arrangement or agreement of the attorneys. It is not alleged in the answer that the rails in question were wrongfully delivered to the plaintiff's company, or because of a mutual mistake. No fact is stated in the moving papers from which the inference arises that the defendant had a right to retake the rails or recover possession of them. So far as appears, the defendant simply had a claim for the value of the rails delivered, and we can see nothing upon which to found the contention that it is barred, released, or invalidated by the judgment obtained by the plaintiff, or by any act done or consented to by the defendant's attorneys.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the judgment denied, with $10 costs. All concur.