(91 Misc. Rep. 29)

CURRAN v. F. & M. SCHAEFER BREWING CO.

(Supreme Court, Appellate Term, First Department.  June 23, 1915.)

ATTORNEY AND CLIENT ⬥101—POWER OF ATTORNEY—COMPROMISE—EFFECT

Plaintiff, who was injured by one of defendant's automobiles, engaged an attorney to effect a settlement.  To enable the attorney to effect a settlement, plaintiff executed a release prepared by his counsel.  *Held,* that while an attorney cannot, by virtue of his office, compromise the rights of his client outside of his conduct of the action, yet as plaintiff constituted the attorney his agent to settle and compromise the action, and executed the release, a settlement made by plaintiff's attorney and acted upon by defendant cannot be questioned by plaintiff, though the attorney was guilty of fraud.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 209–216; Dec. Dig. ⬥101.]

Appeal from City Court of New York, Trial Term.

Action by John Curran against the F. & M. Schaefer Brewing Company.  From a judgment for plaintiff, and an order denying its motion for new trial, defendant appeals.  Reversed, and complaint dismissed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Ashbel P. Fitch and Mott & Grant, all of New York City (Grant C. Fox, of New York City, of counsel), for appellant.

Max Franklin, of New York City (Henry Fluegelman and Charles Trosk, both of New York City, of counsel), for respondent.

PAGE, J.  The plaintiff was stepping from a surface car at Forty-Fourth street and Seventh avenue in the city of New York, when he was knocked down and injured by an automobile operated by defendant's servant, to recover damages for which injury this action is brought.  The defendant relies upon a general release signed by the plaintiff, whereby in consideration of $60 the cause of action in suit was released and forever discharged.

One James A. Grey, an attorney who was formerly retained by the plaintiff to prosecute the action, testified that he employed one of his clerks to investigate the facts and advised the plaintiff to settle the action.  Thereafter he received an offer from the defendant to settle for $60, which, upon his advice, the plaintiff accepted, and executed the release relied upon by the defendant; that the attorney then delivered the release and received a check for $60 from the defendant to his own order, which he deposited.  He further testified that he met the plaintiff about ten days later and told him to call for his $30, which was the amount due to him from the settlement, and the plaintiff refused to accept that sum, and told him that he saw in the paper he signed $600 and would not take anything less.  The plaintiff never received the $30.

The plaintiff took the stand in rebuttal.  He admitted that he employed Grey as his attorney in the matter, and that Grey's clerk told him that he had no witnesses and would have to settle the case, and gave him a paper to sign saying, "If you sign the paper it will

be satisfactory settlement," and that he thereupon signed the paper in Grey's office. The signature of the plaintiff to the release was also admitted. The plaintiff stated, however, that he could not read or write, except to sign his name, and never authorized a settlement for $60. There is no evidence in the record to show that the defendant knew of any irregularity or fraud, if any there was, between the plaintiff and his attorney, or had any reason to believe that the plaintiff's attorney had less authority than he appeared to have with respect to a settlement of the claim. In Diamond Soda Water Co. v. Hageman, 74 App. Div. 430, at page 432, 77 N. Y. Supp. 417, at page 419, the Appellate Division of this Department said:

"It may be conceded that an attorney as such has no authority to compromise the rights of his client outside of his conduct of the action, or to accept less than full consideration for the claim sought to be enforced therein, or release his client's rights or subject him to a new cause of action. Lewis v. Duane, 141 N. Y. 302 [36 N. E. 322]. When, however, the client constitutes the attorney his agent to settle and compromise the action, then the client is bound by the act of the attorney to the extent of the authority conferred, and of such authority as the person with whom he deals has a right to believe him possessed, and if the party acts thereon, and would sustain loss therefrom if such authority be denied, such person is justified in dealing upon the belief that the agent possesses the authority to the full extent to which he is held out as possessing. Walsh v. Hartford Fire Ins. Co., 73 N. Y. 5. Upon making a settlement within the apparent scope of his authority, the principal whom he represents is bound thereby, and cannot subsequently shelter himself behind a restriction upon the authority of the agent, of which the party dealing had no notice, or reason to believe it existed, and which was not disclosed at the time of the transaction."

In the case at bar the plaintiff admittedly signed the "paper" for the purpose of enabling his attorney to make a settlement of the claim. The signature to the release was not a forgery. The release recited a consideration of $60. Clothed with such indicia of authority, the plaintiff's attorney approached the defendant and arranged a settlement, pursuant to which the defendant paid the amount agreed upon. The evidence of fraud on the part of the plaintiff's attorney is by no means convincing; but, resolving that question most favorably for the plaintiff, I am of the opinion that the defendant was entitled in good faith to rely upon the authority of the attorney to settle the claim. Maloney v. Hudson River W. P. Co., 133 App. Div. 499, 117 N. Y. Supp. 601. There was no question of fact for the jury, since there was nothing in the evidence to impeach the validity of the release.

The plaintiff relies upon the cases of Bedell v. Bedell, 37 Hun, 419, and Sistare v. Hecksher, 15 N. Y. Supp. 737, and an alleged rule of law that "interests gained by fraud cannot be held even by an innocent party." In each of the above cases, however, the fraud was perpetrated by a person acting in the interest of the other party to the transaction. In such a case, even though there was no prior agency, and the party for whose benefit the fraud was committed had no knowledge of the fraud, he could not accept the benefits of the transaction, without ratifying the acts of the person who procured them, and becoming thereby chargeable with the fraud of his agent. The case of Page v. Krekey, 137 N. Y. 307, 33 N. E. 311, 21 L. R. A. 409, 33 Am. St. Rep. 731, relied upon by the learned court below, is not an

authority upon the question here involved. It in fact distinguishes Bedell v. Bedell, supra, and holds that the maker of the instrument of guaranty should be held liable thereon by reason of his negligence; but the actual decision was made upon an entirely different point, not material to the present question, namely, that a change in a contract discharges the surety.

The judgment appealed from must be reversed, with costs, and the complaint dismissed, with costs. All concur.