Elizabeth Kawata, Individually and as Administratrix with the Will Annexed, etc., of Philip M. Neary, Deceased, Respondent, v. Margaret M. Barry, Individually, and Others, Appellants, Impleaded with Dorothy Neary and Others, Respondents, and Philip J. Neary and Others, Defendants.

First Department, February 3, 1933.

*Samuel B. Seidel* of counsel [*Robert M. Gluck* with him on the brief; *Kurzman & Frank*, attorneys], for the appellants.

*Walter Fairchild*, for the plaintiff, respondent.

*Alice Dillingham*, special guardian, for the infant defendants, respondents.

Townley, J. This action was brought to enforce a settlement agreement entered into between the attorneys for the appellant executors and the defendant Mary Neary. The settlement was made during the trial of an action for the partition of real property brought by Mary Neary against the appellants. That action was discontinued but there is a finding in the record before us to the following effect: " 8. On February 26, 1929, and during the trial of the said prior action of partition, it was agreed by and between the defendants, Margaret M. Barry and Robert M. Gluck, as Executors of the Last Will and Testament of Rose A. Barry, deceased, and the said Mary Neary, that the said defendants, Margaret M. Barry and Robert M. Gluck, as Executors aforesaid, would pay to the persons claiming to have an interest in the afore-said real property under and by virtue of the Will of Philip M.

Neary, deceased, the sum of Twelve hundred and fifty ($1250) Dollars in consideration of receiving from all of the said persons alleged to have such claims, releases, acquittances, discharges or conveyances, sufficient to vest in the said Margaret M. Barry and Robert M. Gluck, as Executors aforesaid, any and all right, title or interest which the widow, descendants, legatees or devisees under the Last Will and Testament of Philip M. Neary, deceased, might have or claim to have in and to the said premises, and it was further agreed that the payment of said sum of Twelve hundred and fifty ($1250) Dollars was conditional upon such releases, acquittances, discharges or conveyances sufficient as aforesaid, being given."

It is undisputed that no releases, acquittances, discharges or conveyances sufficient to satisfy the condition of the settlement have ever been tendered. Accordingly, the action on the settlement must fail.

Plaintiff, respondent, attempts to support the judgment by claiming that the action is to foreclose an equitable lien. The only evidence, however, in support of the claim for an equitable lien is the alleged admission of the appellants-executors, in consenting to this settlement. Advantage may not be taken of a settlement agreement to prove liability for the amount agreed to be paid under the agreement when plaintiffs are unprepared to perform the conditions necessary to mature the promise made in the said agreement. There is, therefore, no competent evidence in the record to support the judgment on the theory of foreclosure of an equitable lien.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved on the trial as are necessary to support the judgment hereby awarded. Settle order on notice.