■ PETER LESLIE, Appellant, v. WILLARD VAN VRANKEN, Respondent.— REYNOLDS, J. Appeal from an order of the Supreme Court, Albany County, denying appellant's motion for an order requiring the respondent to accept the release and stipulation of discontinuance submitted to him by appellant's attorney and to pay appellant the sum of $4,000. On August 5, 1960 appellant was allegedly injured in an automobile accident. In early 1961 an action was commenced and by July a note of issue was filed. Eventually the case was set down for trial on December 17, 1962 but the trial could not proceed when appellant's attorney reported that he could not locate appellant. Settlement negotiations were then conducted between respondent's and appellant's attorneys and a $4,000 figure agreed to pending the receipt of proper releases and stipulations of discontinuance. When these were not forthcoming by May, 1963 respondent moved to dismiss for failure to prosecute. This motion was granted unless appellant's attorney produced the proper releases and stipulations by September, 1963. Just prior to this date a release and stipulation of discontinuance, executed not by appellant but by his attorney, together with a copy of a certificate of authorization and retainer were delivered to respondent's attorney. These were rejected and the instant proceeding is to compel their acceptance. It is clear that as a general rule an attorney, absent special authorization, cannot settle or compromise his client's claim, and thus any such action without the client's subsequent ratification is a nullity and unenforcible (Cox v. New York

*Cent. & Hudson Riv. R. R. Co.*, 63 N. Y. 414, 419; *Rosen* v. *Grand*, 6 A D 2d 799, 800; 3 N. Y. Jur., Attorney & Client, §§ 33, 34; 30 ALR 2d 946). And there is not here a settlement in full (cf. *Matter of Cusimano*, 174 Misc. 1068, 1071) nor do we find an "emergency" which would provide an exception to this general rule (3 N. Y. Jur., Attorney & Client, § 34, p. 422). There is present no sudden development which urgently compelled an immediate decision without adequate time or opportunity to consult the client (cf. *Alpern* v. *55 Central Park West Owners*, 25 Misc 2d 317). Rather it is the inability to locate the appellant since 1962, despite a presumably diligent effort on the part of his attorney, which created the instant dilemma. We cannot find that under these circumstances appellant's attorney has established his authority to compromise his client's claim. Appellant's attorney also claims authority to execute on behalf of his client the documents involved on the basis of a document which he refers to as a "power of attorney". This, however, is essentially a retainer, is entitled "Certificate of Authorization and Retainer" and is just that, and its general language is not sufficient to authorize the attorney to compromise his client's claim (see 7 C. J. S., Attorney and Client, § 105). Order affirmed, without costs, Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.