Jack Stanislaw, J.
This action was noted as settled after a pretrial conference between the attorneys for the parties in the presence of a Justice of this court. However, when the amount offered in settlement was subsequently disclosed to plaintiffs by their attorney they refused it. Plaintiffs ’ attorney now moves to restore the action to its position on the Trial Calendar.
The defendants’ attorneys strenuously oppose the motion. They point to their offer in settlement made in good faith, its acceptance as shown on the court’s records, and the lack of any affidavit of the plaintiffs’ refuting their attorney’s lack of authority to accept the offer in their behalf or indeed demonstrating any reason for their own rejection of or objection to the amount in compromise.
Although the action is shown as “settled” the settlement itself was not finalized in writing (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435), nor made by stipulation on the record (McManus v. New York Tel. Co., 14 Misc 2d 22), nor put on the record as having been agreed upon by plaintiffs in person (Langlois v. Langlois, 5 A D 2d 75). The agreement reached in chambers by the respective attorneys was not one subject to revision or rejection only by means of independent plenary action, as on a contract (see Goldbard v. Empire State Mut. Ins. Co., 5 A D 2d 230). There is, of course, a distinction with regard to settlements made upon the record in plaintiffs’ presence of their written or recorded stipulation, and those agreed to by counsel subject to confirmation.
*757 Today it is a practical element of negligence trial practice and general tort calendar congestion that pretrial conferences are scheduled from time to time for the purpose of bringing adversary representatives of litigants together for purposes of facilitating compromise. These negotiating sessions, usually held in the absence of the parties, cannot bind those absent individuals until they are made aware of the results. On the other hand, the defendants ’ attorneys are usually not only authorized to act, but to pay as well. With this sort of authority the, pragmatic result of the conference is a firm offer made subject to acceptance. It would be difficult to rationalize the tentative, in effect, acceptance by plaintiffs’ attorneys as more than their undertaking to relay the offer to their clients with their professional blessing. The absence of plaintiffs in facilitation of negotiation and appreciation of limited physical accommodation should not be utilized to deprive them of their ultimate interest in the litigation. To infer the fully binding authority suggested here would leave plaintiffs generally in the position of casually interested but powerless observers.
The motion is granted.