█ MILDRED SIRK et al., Respondents, v. CENTRAL LANES, INC., Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Westchester County, dated April 3, 1969, in favor of plaintiffs, upon a jury verdict. Judgment affirmed, with costs. No opinion. Christ, Acting P. J., Rabin, Hopkins and Munder, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and dismiss the complaint on the ground that plaintiffs failed to establish a prima facie case. The evidence indicated that snow had fallen for several days prior to the accident as well as on the morning of the accident. The temperature remained below freezing for several days prior to the accident. The female plaintiff was injured when she fell in defendant's driveway. After she fell, she noticed that the covering of snow had been brushed away and that she was sitting atop a bumpy area of dark ice. Defendant had employed a snow plow operator who testified he had plowed the driveway on the morning of the accident. I am of the opinion that, under the circumstances, defendant could not have corrected the icy condition and thus plaintiffs failed to establish a prima facie case.

█ RUTH STEIN, as Administratrix of the Estate of ROSE WAGNER, Deceased, Respondent, v. MORRIS MOSTOFF et al., Copartners Doing Business as DOVER NURSING HOME, Appellants.— In a negligence action to recover damages for personal injuries and wrongful death, defendants appeal from (1) an order of the Supreme Court, Kings County, dated April 21, 1969, which granted plaintiff's motion for entry of judgment against defendants pursuant to a settlement agreement; (2) a judgment of the same court, dated April 24, 1969, entered upon said order; and (3) an order of the same court, dated May 19, 1969, which denied defendants' motion to reargue plaintiff's said motion. Appeal from order dated May 19, 1969 dismissed, without costs. No appeal lies from an order denying reargument. Order dated April 21, 1969 and judgment reversed, on the law and the facts, and plaintiff's motion denied. Appellants are awarded a single bill of $10 costs and disbursements to cover all the appeals. An attorney has no implied authority to settle a case without the consent of his client and, hence, a settlement agreement negotiated by an attorney, without the consent of his client, is not personally binding on the client (see *Countryman* v. *Breen*, 241 App. Div. 392, affd. 268 N. Y. 643; see, also, *Silver* v. *Parkdale Bake Shop*, 8 A D 2d 607; *Ricketts* v. *Pennsylvania R. Co.*, 153 F. 2d 757). Christ, Acting P. J., Rabin, Martuscello, Kleinfeld and Benjamin, JJ., concur.