Edward Guodell, J.
This is an application by the plaintiff’s attorney ‘‘ for an order pursuant to Rule IV (4) (b) of the Rules of the Appellate Division, First Department,” fixing his fee for services rendered by him in a personal injury action and directing that the balance of the settlement be paid to the clerk of the court.
The circumstance leading to the making of this application is the disappearance of the plaintiff.
The accident occurred on December 5, 1963 as a result of a collision between the plaintiff’s automobile and a bus operated by the defendant. The action was commenced on October 23, 1964 and issue was joined by the service of an answer on October 24,1964. The case appeared on a Pretrial Calendar of this court on October 9,1967 at which time it was settled for $350.
It appears that sometime prior to the settlement, the plaintiff had been convicted of practicing medicine without a license. Upon the affirmance of this conviction on January 26, 1966 and the direction that he surrender to serve the sentence imposed upon him, the plaintiff disappeared and his attorney,, the applicant on this motion, never thereafter heard from him. To this day his whereabouts are still unknown.
It was after the plaintiff’s disappearance in January, 1966 that the settlement was effected. Because of the plaintiff’s disappearance it was never consummated. The defendant has refused to pay in view of the fact that it has not received a *1002 release executed by the plaintiff. As a result the applicant has not received his fee for the services rendered by him.
It has been consistently held that “ The recorded stipulation of settlement in open court was conditioned on signing of a general release and stipulation of discontinuance by the then plaintiff personally, to the express exclusion of any personal representatives.” (Merida v. 200 W. 96th St., 21 A D 2d 759; see also Kawata v. Barry, 237 App. Div. 608.)
It has also been held that ‘ ‘ defendant cannot be forced to part with money, where plaintiff may not be bound by the putative settlement ” (Jordan v. Cordaio, N. Y. L. J., February 25, 1966, p. 15, col. 7).
In the light of these precedents the question here is whether the rule of the Appellate Division upon which the attorney relies modifies the cited case law.
Section 603.4 (stibd. [d], par. [2]; 22 NYCBB 603,4 [d] [2]) of .the Buies of the Appellate Division, First Department (referred to by the applicant as rule IV (4) (b)) provides in part that “ Whenever any sum of money is payable upon any such claim, action or proceeding, either by way of settlement or after trial or hearing, and the attorney is unable to find his client, the attorney shall apply to the court in which such action or proceeding was pending * * * for an order directing payment to be made to the attorney of the amount to be determined by the court to be due said attorney for his fee and reimbursable disbursements and to the clerk of the court of the balance due to the client ”.
While this court cannot presume to interpret for the Appellate Division its intention in adopting the rule in question, it seems fair to suggest that this court, faced with the necessity of deciding this application, should endeavor to construe case law and the rule in a way designed to achieve a reading of each that is consistent with the other.
With this objective in mind it seems to me that the rule is applicable in those instances in which the client disappears after the settlement has been effected with his approval or after his approval has been established in such a way that it cannot subsequently be disavowed by him. (See in this connection 30 ALB 2d 944 et seq.)
In the present case the applicant avers with respect to his authority to settle the action, that ‘1 When I was retained by the plaintiff, we had a discussion wherein it was agreed that I should use my discretion in accepting any reasonable settlement which might be offered by the defendant.”
*1003 I do not question the sincerity of this statement. Nevertheless, the possibility cannot be disregarded that if the plaintiff should reappear upon the scene he might repudiate the settlement on the ground that he did not authorize it. (See Kargman v. Brooklyn & Queens Tr. Corp., 263 App. Div. 720.) While repudiation, if it should occur, might be resisted and resisted successfully, that result cannot be determined now on this application.
It may be argued that the possibility of repudiation is not realistic in view of the reason for the plaintiff’s disappearance and the length of time that has since occurred.
This is a speculation that I do not believe the court should make. There have been, as I see it, sufficient instances to warrant taking notice of the fact that fugitives and deserters sometimes do return, after extended periods of absence, to face imprisonment rather than to remain in exile. Return, therefore, is not an improbability that can be brushed aside and disregarded.
While the amount at issue here is small, the relief requested is denied as a matter of principle without prejudice, however, to renewal of the application in the event of the return of the plaintiff, or in the event that the death of the plaintiff can be adequately proved, or in the event that the presumption of death can be established (see Butler v. Mutual Life Ins. Co., 225 N. Y. 197), or in the event of the occurrence of other circumstances that may appropriately warrant the relief requested without prejudice to the defendant.