Harry Kraf, J.
Motion by attorney for infant plaintiff for an order approving settlement of the infant’s claim in the amount of $600 and directing payment of said sum by the defendant, Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIC).
It is alleged that the infant plaintiff was injured on November 9, 1967 while attempting to cross West 113th Street in Manhattan and was struck by an automobile owned by one, Chris Carter who was uninsured. A claim was filed with MVAIC (no action was ever commenced), and an offer of $600 was negotiated on June 6, 1972 between the attorney for the infant claimant and MVAIC.
In order to consummate the,settlement, the infant’s attorney sets forth in his affidavit that he attempted to contact the mother of the infant on numerous occasions in order to prepare the necessary compromise papers for .the court’s approval, but that his efforts were to no avail, he could not locate her.
The attorney now brings the instant proceeding to permit settlement of the claim, without the parent’s consent and without a compromise order, and to direct payment by MVAIC as follows: $200 to the attorney as and for his fee for legal services, inclusive of disbursements; $11 to the Department of Hospitals; and the balance .of $389 to be paid to the Director of Finance of the City of New York for the account of the infant plaintiff.
The defendant MVAIC, opposes the instant motion and maintains that it can not consummate the settlement unless and until it receives a general release duly executed by the parent of the infant so as to effectively show consent to the settlement, and an assignment of the infant’s claim by said parent, as directed by section 613 of the Insurance Law.
The application made herein is deemed by this court to be made under section 603.6 of the present rules of the Supreme Court, Appellate Division, First Department (22 NYCRR 603.6), and as provided in CPLR 1207 and 1208. Under the said rules, settlement of an infant’s action or claim, must include in the supporting papers, an affidavit of the infant’s parent or *939 guardian stating approval of the settlement. Further, pursuant to section 613 of the Insurance Law, MVAIC is entitled, as a condition to the payment of any settlement, to have the qualified person, here the mother of the infant, assign the infant’s claim to MVAIC so that it can be subrogated to all of the infant’s rights against the uninsured motorist. The moving party herein has admittedly failed to furnish any of the-said papers to MVAIC.
It is clear that there is no statutory right of the attorney to compel settlement of any infant’s claim without the consent of the infant’s parent or guardian.
The common-law principle has repéatedly been enunciated that an attorney has no implied authority to settle his client’s case without the consent of the client. (Stein v. Mostoff, 34 A D 2d 655; Countryman v. Breen, 241 App. Div. 392, affd. 268 N. Y. 643; Matter of Cusimano, 174 Misc. 1068.) The court has stated in Leslie v. Van Vranken (24 A D 2d 658); see Ann. 30 ALR 2d 944; “As a general rule an attorney, absent special authorization, cannot settle or compromise his client’s claim, and thus any actipn without the client’s subsequent ratification is a nullity and unenforcible ”.
The general rule has also been declared that an ordinary employment or retainer of an attorney to represent a client with respect to litigation does not of itself give the attorney implied or apparent authority to bind the client by settlement or compromise of claim, with respect to which he is employed, unless expressed authority is given or an emergency situation prevails. (Curran v. F. & M. Schaefer Brewing Co., 91 Misc. 29; also, see, 7 C. J. S., Attorney and Client, § 105.)
The court finds that in this case there is no implied or apparent authority of the attorney, nor a sudden emergency, so as to warrant the granting of this application. This claim arose in 1967, culminating in a proposed settlement offer in 1972, five years later. Thus there is nothing in the moving papers to indicate that the attorney is obliged to act immediately and without further delay, or that there is insufficient time or opportunity for consultation with the client. (Clinton v. New York Cent. & Hudson Riv. R. R. Co., 147 App. Div. 468; Leslie v. Van Vranken, supra.)
All that is shown here is the mere inability of the attorney to locate his client, after, in this court’s opinion, a none too diligent effort to do so.
It is also well to note that one who settles or compromises a claim with his adversary attorney, in the absence of the *940 adversary’s client, and absent special authority, does so at his own peril, and if the settlement is thereafter challenged, he has the burden of establishing that such authority did in fact exist. (Brumberg v. Chunghai Chan, 25 Misc 2d 312.)
Accordingly, for the above reasons, the motion is denied.