Felice K. Shea, J.
Plaintiff’s attorney moves for an order directing that his fee and disbursements be deducted from the settlement of his client’s negligence action and that the balance be deposited with the court for the account of plaintiff who has disappeared.
This case arose from a motor vehicle accident which occurred on December 3, 1973. Summons was served on June 28, 1974, issue was joined on September 9, 1974 and the matter was transferred from the Supreme Court to the Civil Court on February 19, 1976 pursuant to CPLR 325 (subd [d]).
By notice dated April 4, 1975, the United States Immigration and Naturalization Service wrote to plaintiff at its detention quarters advising him that an order of deportation to the Dominican Republic had issued. A copy of this notice was sent to the plaintiff’s attorney of record in this proceeding. Thirteen months later, at a pretrial conference on May 21, 1976, this matter was settled with the aid of the court for $2,500. The court’s card shows the notation, "Settled for $2,500 subject to approval of client * * * Hold until 5-28-76.” Plaintiff’s departure to Santo Domingo was not discussed. In June, 1976, and again in October, 1976, plaintiff’s attorney of record wrote to plaintiff in the Dominican Republic advising him of the settlement and enclosing a general release for plaintiff’s signature. The October, 1976 letter was returned with the notation "moved” on the envelope, and plaintiff’s present whereabouts are unknown.
A settlement made without the consent of the client will not bind the client (Stein v Mostoff, 34 AD2d 655; see, also, Kargman v Brooklyn & Queens Tr. Corp., 263 App Div 720) and consent is not conferred by a general retainer. "The rule is almost universal that an attorney who is clothed with no other authority than that arising from his employment in that capacity has no implied power by virtue of his general retainer to compromise and settle his client’s claim or cause of action * * * Except in the case of ratification, any unauthorized settlement is a nullity and unenforceable” (3 NY Jur, Attorney and Client, § 34, pp 421, 423; accord Ann., 30 ALR2d 944, 945).
No argument is put forth that this case fits into any of the narrow exceptions to the general rule. (See, e.g., Clinton v New York Cent. & Hudson Riv. R. R. Co., 147 App Div 468; *582 Brumberg v Chunghai Chan, 25 Misc 2d 312; Matter of Cusimano, 174 Misc 1068.) However, movant, in his supporting affidavit, contends that plaintiffs consent was obtained in that "plaintiff stated to his attorney on many occasions his desire that this case be disposed of as quickly as possible. He also conferred upon his attorneys, on those same occasions, the authority to settle his case in any amount which was deemed by them to be fair and reasonable.” The affiant does not state the source of his information, and since he is not the attorney of record, the court concludes that the plaintiff did not make any statements directly to him. It would appear from the notation on the court’s card, supra, that the matter was settled subject to plaintiffs approval, and that the consent now claimed to have existed is an afterthought. In any case, the hearsay statement in the supporting affidavit falls short of the requisite proof of authority to settle required by case law. (See Owens v Lombardi, 41 AD2d 438; Leslie v Van Vranken, 24 AD2d 658; Speights v Motor Vehicle Acc. Ind. Corp., 75 Misc 2d 937; cf. Di Russo v Grant, 28 AD2d 847, revg 51 Misc 2d 756.)
A closer question is whether the common-law rule was changed by section 603.7 (subd [d], par [2]) of the Rules of the Appellate Division, First Department, promulgated in I960.[1] (22 NYCRR 603.7 [d] [2].) That rule provides in pertinent part: "Whenever any sum of money is payable upon any [negligence] claim, action or proceeding, either by way of settlement or after trial or hearing, and the attorney is unable to find his client, the attorney shall apply to the court in which such action or proceeding was pending * * * for an order directing payment to be made to the attorney of the amount determined by the court to be due said attorney for his fee and reimbursable disbursements and to the clerk of the court of the balance due to the client, for the account of the client”.
The section is silent as to when a sum of money is "payable” by way of settlement. Does it cover a settlement to which plaintiff has not consented? On the one hand, the section evinces concern for an attorney’s right to be paid for work done. On the other hand, it can be presumed that the section’s draftsmen recognized the defendant’s vulnerability to *583 further claim should plaintiff later repudiate an unauthorized settlement. In the absence of clear language, a court must hesitate to infer an intent to modify a long-standing legal doctrine. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 301.)
The question of the scope of section 603.7 (subd [d], par [2]) was addressed in Kahn v Manhattan & Bronx Surface Tr. Operating Auth. (63 Misc 2d 1001, 1002),[2] where the Civil Court, New York County, construed it to apply only "in those instances in which the client disappears after the settlement has been effected with his approval or after his approval has been established in such a way that it cannot subsequently be disavowed by him.”(Accord, Turner v Conroy, NYLJ, March 8, 1977, p 6, col 4.)
Movant relies, however, on a recent decision of the Civil Court in Kings County, Toro v Toro (NYLJ, Feb. 10, 1977, p 14, col 3), which viewed the corresponding Second Department rule (22 NYCRR 691.20 [d] [2]) as applicable to a case where an attorney was unable to locate an infant plaintiff after an offer of settlement had been made. While there is language in the Toro case which would appear to present a conflict between the two departments, it is distinguishable on its facts from the Kahn case and the case at bar. In Toro, the plaintiff was an infant, and the court relied on its right, as parens patriae, to consent to the settlement in place of the child’s guardian.
It is evident that clarification of section 603.7 (subd [d], par [2]) would be helpful. In the present posture of the law, this court reads the section as effecting no change in the requirement that either plaintiff’s authorization or his release is necessary to validate the settlement. In the absence of both, plaintiff’s attorney’s motion is denied.

. Rules of the Appellate Division, First Department, Special Rules Regulating Conduct of Attorneys, section IV (4) (b), effective July 1, 1960.

. 22 NYCRR 603.7 (d) (2) was then numbered 22 NYCRR 603.4 (d) (2).