Bernard Fuchs, J.
In this action to recover for personal injuries and property damage, defendant moved to dismiss the complaint for failure to consummate a settlement arrived at by counsel for the parties. Plaintiffs cross-moved for an order granting plaintiffs’ counsel leave to settle the action by compromise, to execute necessary documentation (including releases) to effectuate the settlement, fixing fees for plaintiffs’ counsel and authorizing deposit of the net recovery with the New York City Finance Administrator to the credit of plaintiffs.
By an order dated June 22, 1977 this court denied the motion, granted the cross motion and directed submission of an order. The order submitted by plaintiffs’ counsel will be granted in modified form.
The automobile collision which gave rise to this action occurred on October 31, 1968. Summons was served in October, 1969 and issue joined October 30, 1969. In February, 1972 an agreement was reached by counsel to settle the action for $1,450, each plaintiff to receive half that amount subject to outstanding medical bills and counsel fees.
Attempts by plaintiffs’ counsel to correspond with plaintiffs to obtain approval of the settlements and execution of the releases were unsuccessful. Both plaintiffs have disappeared. Papers submitted by their counsel in support of the cross motion set forth details of a diligent but fruitless search for them.
The Statute of Limitations has long since run. (CPLR 214.) And the complaint is vulnerable to dismissal under CPLR 3216 for failure to prosecute. Even if plaintiffs’ counsel rescue the complaint from CPLR 3216 by serving a note of issue, the action must fail when reached for trial in the absence of plaintiffs and perhaps of other witnesses who would have to be located and whose recollections of this minor accident would have to be refreshed after a lapse of nearly nine years.
Denial of the cross motion in the present case would inevitably work a double injustice. Defendant would be unjustly enriched by the $1,450 settlement amount and plaintiffs’ counsel would be deprived of a fee for services performed. Indeed defendant has already been unjustly enriched by the use of the settlement fund for more than five years, interest free. At the modest rate of 7% simple interest the benefit to defendant is $507.50.
A principal obstacle to grant of the cross motion is the *631 doctrine that a settlement made without the client’s consent does not bind the client. (Kargman v Brooklyn & Queens Tr. Corp., 263 App Div 720; Stein v Mostoff, 34 AD2d 655; Leslie v Van Vranken, 24 AD2d 658; Kahn v Manhatten & Bronx Surface Tr. Operating Auth., 63 Misc 2d 1001; Peguero v Grant, 90 Misc 2d 580; Turner v Conry, NYLJ, March 8, 1977, p 6, col 4; 3 NY Jur, Attorney and Client, § 34.) If plaintiffs are not bound, defendant cannot be required to pay the amount agreed upon. (Kahn v Manhatten & Bronx Surface Tr. Operating Auth., supra.)
Section 691.20 (d) (2) of the Rules of the Appellate Division, Second Department (22 NYCRR 691.20 [d] [2]) (applicable to property damage and personal injury claims for which counsel is retained on a contingent fee basis), appears designed to overcome this obstacle. It reads in pertinent part as follows: "Whenever any sum of money is payable upon any such claim, action or proceeding * * * by way of settlement * * * and the attorney is unable to find his client, the attorney shall apply to the court in which such action or proceeding was pending * * * for an order directing payment to be made to the attorney of the amount determined by the court to be due said attorney for his fee and reimbursable disbursements and to the clerk of the court of the balance due to the client, for the account of the client, subject to the charge of any lien found by the court to be payable therefrom.” 22 NYCRR 691.20 (d) (2) read within the context of surrounding provisions is part of a regulatory scheme for the collection and protection of plaintiffs’ recoveries and attorneys’ fees by counsel serving on contingent retainers. The quoted language protects the fees of counsel when a client disappears and serves as well to prevent unjust enrichment of defendants whose liability is established. It requires that the net recovery be held safely for the absent client or, if he never appears, presumably for escheat.
Efforts to reconcile the common-law rule against settlements without the client’s consent and the rule quoted or its identical counterpart, section 603.7 (d) (2) of the Rules of the Appellate Division, First Department, have led in some cases to a sharply limited construction of the Appellate Division Rules. (Kahn v Manhattan & Bronx Surface Tr. Operating Auth.; Turner v Conry; Peguero v Grant, all cited above.) Under these decisions section 691.20 (d) (2) would apply only when the client either executes releases or explicitly approves *632 the settlement before disappearing. This court, on the other hand, has expressed disagreement with that view in Toro v Toro (NYLJ, Feb. 10, 1977, p 14, col 3). I hold that the Toro decision is correct and not limited to cases of infant clients. (Cf. Peguero v Grant, supra.)
If the Appellate Division had intended to make its rule inapplicable in the absence of explicit client approval of a settlement it could easily have said so. It is hard to believe, as this court observed in the Toro decision, that two Appellate Divisions would have aimed this remedy only at cases of claimants who vanish between execution of releases and collection of settlement checks while tacitly condemning actions like the present one to the ignominy of eventual dismissal.
Viewed literally, an amount is "payable” not only when it is legally, unconditionally and immediately required to be paid but also when something remains to be done before payment may be demanded. (Webster’s Third New Int. Dictionary [unabridged], p 1659, "capable of being paid” [2d meaning]; Blacks Law Dictionary [rev 4th ed, 1968], p 1285, "capable of being paid; suitable to be paid”.) "The crucial word 'payable’ is, standing alone, not confinable to one single, definite meaning * * * The meaning of the word can only be determined in the light of the situation and the circumstances of its use”. (Guaranty Trust Co. of N. Y. v Henwood, 98 F2d 160, 163.)
The admonition to construe strictly statutes in derogation of the common law (McKinney’s Cons Laws of NY, Book 1, Statutes, § 301), yields to the sensible exception that remedial statutes be allowed to effect their beneficent purposes. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 321.) The interpretation of section 691.20 (d) (2) adopted in the present case permits it to remedy a deficiency of the common law which works a forfeiture of meritorious claims and deprives counsel of earned compensation.
Should the plaintiffs or either of them now return to claim their due, no disappointment with the amount of the recovery could justify legal pursuit either of defendant or of plaintiffs’ counsel. The only grievance they could allege is that something less than the recovery they would have wanted was salvaged in their absence from an otherwise total and inevitable loss.