OPINION OF THE COURT
John S. Lockman, J.
Motion by defendants to dismiss this action for failure to prosecute under CPLR 3216 and cross motion by plaintiffs’ counsel for the fixing of a counsel fee pursuant to rule 691.20 (d) (2) of the Rules of the Appellate Division, Second Department (22 NYCRR), are disposed of as set forth below.
Recently the American legal system has come under attack from so eminent a person as Derek Bok of Harvard University who characterizes the oversupply of lawyers and overemphasis on litigation as nonproductive and even counterproductive. This case illustrates the potential degeneration of a system of justice to the point where it no longer serves as a mechanism for the resolution of disputes, but strives to perpetuate itself as an end rather than as a means.
The facts underlying this litigation have repeated themselves incalculable times in the human experience. The infant plaintiff was visiting her grandparents who had a dog. The dog bit the child. Unfortunately, the bite caused a facial laceration and some consequent scarring. Not remarkably in this day of insurance, an action was brought *301 in the infant’s behalf by her father. Apparently this aroused certain animosities to the point where the grandparents were not speaking to the parents. Meanwhile, the infant and her parents relocated to Texas. Plaintiffs’ counsel kept working on the file and eventually arrived at a settlement agreement with the defendants’ carrier. Counsel conveyed the offer by telephone to plaintiffs and was told that the sum was acceptable. Plaintiffs, however, took none of the steps necessary to permit counsel to secure a compromise order. Repeated urgings achieved nothing. Eventually in June of 1980, letters sent to plaintiffs at their San Antonio, Texas, address were returned “Addressee Unknown”, “Does not live here”, and “Unable to Forward”. A review of the San Antonio phone books revealed no listing.
Counsel now applies for an order pursuant to 22 NYCRR 691.20 (d) (2) which provides: “Whenever any sum of money is payable upon any such claim, action or proceeding, either by way of settlement or after trial or hearing, and the attorney is unable to find his client, the attorney shall apply to the court * * * for an order directing payment to be made to the attorney of the amount determined by the court to be due said attorney for his fee and reimbursable disbursements and to the clerk of the court of the balance due to the client”. He relies upon Rivera v Rose (NYLJ, Jan. 4,1983, p 10, col 2) wherein the court confronted with the disappearance of an infant plaintiff and his parent who had brought an action for injuries sustained in an automobile accident, stated: “The only obstacle to granting the relief sought is the doctrine that a settlement made without a client’s consent does not bind the client (Kargman v. Brooklyn & Queens Transit Corp., 263 App. Div. 720; Stein v. Mostoff, 34 A.D. 2d 655; Leslie v. Van Vronken, 24 A.D. 2d 658; Kahn v. Manhattan & Bronx Surface Transit Operating Authority, 63 Misc. 2d 1001; Peguero v. Grant, 90 Misc. 2d 580). The tack adhered to in these cases has been to adopt a strict construction of the Appellate Division Rules which would authorize the relief only in those instances where the client has executed a release or has undeniably approved a proffered settlement before disappearing. This approach is on its face unfair to the practi *302 tioner who accepts a client’s case on a contingent basis, and, in accordance with the admirable philosophy of that relationship (which in modern practice has made the law accessible to every economic class of litigant), bears the effort of maintaining the action to the point where settlement is offered only to have those efforts nullified by the client’s unavailability”. A similar approach was followed in Gonzalez v Diaz (91 Misc 2d 629) where the court reached the remarkable conclusion that the defendant would be unjustly enriched if not forced to pay the settlement despite the plaintiff’s disappearance.
The court finds the reasoning of the cases not followed in Rivera v Rose (supra) and Gonzalez v Diaz (supra) the more cogent. We have not yet Arrived at a system of justice which exists only to compensate lawyers for punishing wrongs without regard to whether the clients benefit or even display an interest in the litigation.
The motion to dismiss under CPLR 3216 is granted and the cross motion pursuant to 22 NYCRR 691.20 (d) (2) is denied. Movant is directed to serve a copy of this order on all parties.