OPINION OF THE COURT
Eve Preminger, J.
Movant attorneys were retained by one Miijana Szabo to prosecute her personal injury claim against the City of New York. After commencement of the action they were authorized by Ms. Szabo to settle the case on whatever terms they deemed reasonable. They arrived at a settlement with the city attorney and so informed Ms. Szabo. For reasons unknown to the court, and unstated in the papers, plaintiff, who had moved out of the State, informed her attorneys that she neither wanted to receive the proceeds of the settlement nor desired to proceed to trial.
Movants now seek to proceed to settlement without their client’s cooperation by invoking the Rules of the Appellate Division, First Department § 603.7 (d) (2) (22 NYCRR) which provides in relevant part: “Whenever any sum of money is payable * * * either by way of settlement or after trial * * * and the attorney is unable to find his client, the attorney shall apply to the court * * * for an order directing payment”.
This section has been subject to conflicting interpretations by our courts with respect to whether it enables an attorney to enforce an oral settlement and obtain a fee when the client has *1028 disappeared. (Cf. Turner v Conry, NYLJ, Mar. 8,1977, p 6, col 4; Kahn v Manhattan & Bronx Surface Tr. Operating Auth., 63 Misc 2d 1001; Cord v Cutola, 121 Misc 2d 300, with Rivera v Rose, NYLJ, Jan. 4, 1983, p 10, col 6; Toro v Toro, NYLJ, Feb. 10, 1977, p 14, col 3; Gonzalez v Diaz, 91 Misc 2d 629.) Despite requests for legislative change (see, Gonzalez v Diaz, supra; Peguero v Grant, 90 Misc 2d 580), the Legislature has not seen fit to clarify the rule. However, under any interpretation of the rule, the instant case cannot be made to fit within its provisions. This is not a situation where a client has disappeared, but where a client has repudiated the settlement and explicitly stated a desire to abandon the action. The question, therefore, becomes whether Ms. Szabo lost the ability to abandon the action after her lawyer arrived at a settlement figure with the city.
The principles which underlie the answer to this question are well established. An attorney may act only insofar as his client authorizes him to do so. Except when it is manifestly clear that a client has granted her attorney the power to irrevocably bind her, or when she tacitly ratifies the agreement by her conduct, a settlement entered into by the attorney on behalf of the client without her express consent will not bind her and she may disavow it. (Bella Vista Dev. Corp. v Estate of Birnbaum, 85 AD2d 891; Stein v Mostoff, 34 AD2d 655.)
The mere statement that plaintiff authorized her attorney to settle the suit for such sum as the attorney believed reasonable is not sufficient to establish that authority to settle without her consent was granted by Ms. Szabo (Peguero v Grant, supra; Owens v Lombardi, 41 AD2d 438).
The court thus finds that movants have failed to establish that their client gave them the authority to irrevocably bind her. The settlement entered into by movants must, therefore, be viewed as tentative pending the final authorization of their client. Ms. Szabo thus never relinquished the power to disavow the settlement and abandon her case.
Movants’ action is denied.