OPINION OF THE COURT
Memorandum.
Judgment and order unanimously reversed with $10 costs and sanction vacated.
Plaintiff retained his attorney to commence an action against the City of New York for alleged police brutality surrounding his arrest. It was alleged in the complaint that the actions of the police resulted in the removal of plaintiff’s spleen. The City of New York impleaded the third-party defendant, Federated Department Stores-Abraham & Straus. The case was marked off the calendar to permit the third-party defendant to conduct its discovery. Plaintiff’s attorney moved to restore the case to the Trial Calendar to avoid a dismissal under CPLR 3404 and the case stayed on the calendar until March of 1992 when the third-party defendant moved to dismiss the complaint. Plaintiff’s attorney moved in May of 1992 to be relieved as counsel because he could not contact or locate his client. The third-party defendant cross-moved for sanctions against the attorney for the plaintiff on the basis that said counsel knew for 5 to 7 years that he could not locate his client and therefore misled the court and his opponents as to the ability to be ready, willing and able to proceed on the merits of the case. The court below found the actions of plaintiff’s counsel to be "misleading” and imposed a sanction of $7,500 against said attorney.
It is the opinion of this court that sanctions are not warranted in this case. In the first place, to award sanctions, the court would have to find that the action lacked merit and that the actions of the plaintiff’s attorney were frivolous or were conducted primarily to harass or maliciously injure the third-party defendant. This is not the first case where an attorney has a client who cannot be located and the attorney is attempting to "save” his fee by reaching a settlement (see, Cord v Cutola, 121 Misc 2d 300; Gonzalez v Diaz, 91 Misc 2d 629; Speights v MVAIC, 75 Misc 2d 937; Kahn v Manhattan & Bronx Surface Tr. Operating Auth., 63 Misc 2d 1001). There is a signed retainer on file which obligated the attorney to continue to represent the client until relieved by the client or by the court. That the attorney for plaintiff waited a little *1046 longer to be relieved as counsel than the defendant thought to be reasonable should not subject the attorney to sanctions. Inasmuch as the conduct of plaintiffs attorney does not constitute conduct proscribed by 22 NYCRR subpart 130-1 or CPLR 8303-a, counsel fees incurred by the third-party defendant are merely incidents of litigation and cannot be recovered (see, Chase Manhattan Bank v Hobbs, 94 Misc 2d 780).
Kassoff, P. J., Scholnick and Chetta, JJ., concur.