OPINION OF THE COURT
David Goldstein, J.
This action has had a rather tortured history, dating back *542 to 1991, with defendants, over the past three years, pressing for a dismissal for plaintiffs’ failure to comply with routine disclosure and deposition requests, and plaintiffs’ attorneys seeking to be paid counsel fees which might have been due if a settlement offer had been approved, agreed to or accepted by the clients.
The current motion is to renew prior requests for dismissal for plaintiffs’ failure and/or inability to comply with any discovery requests. A hearing was directed by Justice Lisa on the factual issues raised on the motion and cross motion, namely, whether a settlement had been effected, i.e., whether the settlement offer was accepted by plaintiffs.
Such a hearing was necessary, especially since counsel had claimed, over two years ago, that "[e]ach plaintiff’s claim has been settled for the amount of $5,000.00 per plaintiff” but, "due to the inability to locate the plaintiffs * * * this settlement has not been finalized.” (Affirmation, Lawrence M. Simon, Esq., Sept. 1, 1992.) The clear suggestion by the foregoing is that the settlement had been approved, but the clients disappeared before necessary papers could be executed.
To the contrary, it now appears undisputed that the settlement offer was never communicated and neither plaintiff approved the settlement which had been tentatively agreed to by counsel. Notwithstanding repeated requests to adduce some proof on the issue, plaintiffs’ attorneys refused to proceed with any direct evidence or testimony, claiming that the underlying circumstances permitted them to effectuate a settlement, notwithstanding the absence of any client consent thereto.
In support of their positions, plaintiffs’ attorneys rely upon Gonzalez v Diaz (91 Misc 2d 629), a Civil Court action which had been tentatively settled by counsel for $1,450, but plaintiffs disappeared before approving or rejecting the settlement offer. Citing the fact that the limitations period had long expired, a circumstance which, in the view of the Gonzalez court, not only would deprive plaintiffs’ attorneys of a fee for services performed but would also unjustly enrich defendant, who had the use of the money for over five years, the court permitted counsel to give effect to the settlement, notwithstanding the absence of his clients and their failure to assent to the proposed settlement. In doing so, Judge Fuchs observed (91 Misc 2d, at 632): "Should the plaintiffs or either of them now return to claim their due, no disappointment with the amount of the recovery could justify legal pursuit either of *543 defendant or of plaintiffs’ counsel. The only grievance they could allege is that something less than the recovery they would have wanted was salvaged in their absence from an otherwise total and inevitable loss.”
The reasoning and result in Gonzalez (supra) has been criticized, and rightly so. In Cord v Cutola (121 Misc 2d 300), Justice Lockman opined that the conclusion there was "remarkable,” observing (121 Misc 2d, at 302): "We have not yet arrived at a system of justice which exists only to compensate lawyers for punishing wrongs without regard to whether the clients benefit or even display an interest in the litigation.”
I agree. What the court overlooked in Gonzalez (supra) is that lawsuits are matters to be resolved, in terms of disposition and approval thereof, by the litigants, not their attorneys. An action is for the benefit of the parties, not counsel. The latter are mere agents and it is the client, not the attorney, who, in the final analysis, determines whether an action is to be settled or should proceed to trial.*
It is well established that a settlement made without the consent of the party will not bind the party (Stein v Mostoff, 34 AD2d 655). Nor may a general retainer be construed to confer such consent. Except in those instances where it is clear that the client gave the attorney power to bind him, or when he ratifies counsel’s actions, either expressly or by conduct, a settlement entered into without the consent of the client will not be binding (Szabo v City of New York, 127 Misc 2d 1027).
In Szabo (supra), notwithstanding authorization to settle on whatever terms the attorney deemed reasonable, the client advised counsel that she did not want the proceeds of the settlement, nor did she wish to proceed to trial. Under the circumstances, Special Term found that counsel could not effect a settlement without client approval, in that it had not been established that the client gave her attorney authority to irrevocably bind her.
In those instances where the client has disappeared, or his *544 or her whereabouts are unknown, it has been held that the attorney, as agent of the client, may not settle or compromise the action without the client’s consent (Magalhaes v Herbert Constr. Co., NYLJ, July 14, 1992, at 22, col 2 [Sup Ct, NY County]; Peguero v Grant, 90 Misc 2d 580). As Justice Cohen observed in Magalhaes, "To rule otherwise, an attorney would be using his primary responsibility of representing a client, replacing it with his own personal interest.”
Nevertheless, this is exactly what plaintiffs’ attorneys seek to do in this case. For several years, they have persisted in efforts to be paid attorney fees on a purported settlement reached only by them, without client approval. At one time, they moved for that relief, i.e., for payment of counsel fees and a return of disbursements, with the balance to be paid to the clerk of the court to be held for the account of the client. In my view, this approach is improper. It impinges upon the role of the attorney as agent for a disclosed principal and is inconsistent with the notion of modern jurisprudence that counsel is to further the client’s interests, not his own.
Plaintiffs’ reliance upon a 1911 decision in Clinton v New York Cent. & Hudson Riv. R. R. Co. (147 App Div 468) is misplaced. That case concerned the entry of a consent judgment for the amount demanded in the complaint, reserving to defendants the right to file a claim with plaintiffs for the value of the entire shipment. The Appellate Division, Third Department, held, under those circumstances, that the client’s assent to the entry of a judgment was unnecessary, since the authority of the attorney extended to all matters relating to the management of the litigation. Contrary to plaintiffs’ argument, the decision did not deal with approval of a settlement, nor did it relate to an attorney effecting a settlement where an emergency or exigency prevented reaching the client, as is suggested by plaintiffs in their supporting memorandum.
Equally inapposite is plaintiffs’ reliance upon section 691.20 (d) (2) of the Rules of the Appellate Division, Second Department (22 NYCRR 691.20 [d] [2]), which provides in part as follows: "(2) Whenever any sum of money is payable upon any such claim, action or proceeding, either by way of settlement or after trial or hearing, and the attorney is unable to find his client, the attorney shall apply to the court in which such action or proceeding was pending * * * for an order directing payment to be made to the attorney of the amount determined by the court to be due said attorney for his fee and reimbursable disbursements and to the clerk of the court of *545 the balance due to the client, for the account of the client, subject to the charge of any lien found by the court to be payable therefrom.”
Contrary to plaintiffs’ claim on this motion, the foregoing provision has been held applicable only "in those instances in which the client disappears after the settlement has been effected with his approval or after his approval has been established in such a way that it cannot subsequently be disavowed by him.” (Kahn v Manhattan & Bronx Surface Tr. Operating Auth., 63 Misc 2d 1001-1002; see also, Cord v Cutola, supra, at 301, 302; Peguero v Grant, supra, at 583.) To hold otherwise would obliterate the rule in favor of the exception, since it would effectively permit counsel to obtain payment based solely upon his agreement to settle, notwithstanding the absence of the client or the failure of the latter to assent.
In this respect, I find myself in agreement with the cogent analysis by Justice Lehner in Robinson v Freire (NYLJ, Jan. 24, 1995, at 26, col 5), dealing with the identical rule of the Appellate Division, First Department (22 NYCRR 603.7 [d] [2]). In Robinson, it was claimed that the law firm was entitled to payment of its fee and disbursements from the settlement, which, it is alleged, the client had verbally agreed to with a member of the law firm, but disappeared before executing a release. The court directed a factual hearing on the authority of counsel, the very same procedure which this court used here. In terms of the operative court rule, the court observed: "the rule does not call for a modification of the common law principle requiring specific client consent to the terms of a settlement, but also does not require that a release be executed by the client for its provisions to be applicable. If a court is satisfied that the client approved the settlement, then I believe the rule calls for the defendant to make the payment authorized by the plaintiff and agreed to by the defendant, as by virtue of the agreed settlement the law firm has earned its fee and the client is entitled to his share of the recovery, which under the rule will remain on deposit with the court pending execution and delivery of a release to defendant.”
In this case, inasmuch as plaintiffs disappeared some time ago, apparently before there had been a settlement offer, and without knowledge of any such offer, no settlement was effected. The record is silent as to any efforts by plaintiffs’ attorneys to ascertain their clients’ whereabouts, notwithstanding the passage of a substantial period of time. Plainly, *546 in seeking to give effect to the purported settlement, they are advancing their own interests, not those of their clients. While the result reached here might be considered unfavorable to counsel in terms of their fee, this is one of the pitfalls of a law practice, especially in matters involving contingency fees.
It is clear that an inordinate period of time has elapsed, with no attempt by plaintiffs to comply with routine disclosure requests, or to submit to examinations before trial. A conditional order was not complied with, primarily as a result of plaintiffs’ own inattention and abandonment of the case. Justice Di Tucci directed such conditional relief in July 1993. Under the circumstances, no useful purpose will be served by a further conditional order when it plainly appears, by reason of their unexplained disappearance, that plaintiffs cannot and will not comply with outstanding discovery requests. Notwithstanding counsel’s valiant efforts to salvage the fee they would have received had there been a settlement, clearly, plaintiffs have abandoned the action.
Accordingly, the motion to dismiss the complaint for plaintiffs’ failure to prosecute, pursuant to CPLR 3126, is granted and the complaint is dismissed. The cross motion to permit plaintiffs’ counsel to recover the fee they would have obtained had there been a settlement, which counsel sought to withdraw upon oral argument, is denied.

 The situation in this case is distinguishable from those where an attorney, with apparent or implied authority to bind a client, enters into a stipulation of settlement, sufficient in form and content to be binding (see, Hallock v State of New York, 64 NY2d 224; Matter of Dolgin Eldert Corp., 31 NY2d 1; Lynch v Lynch, 122 AD2d 572; Bernstein v Salvatore, 62 AD2d 945; Golden Arrow Films v Standard Club, 38 AD2d 813; Fox v Wiener Laces, 105 Misc 2d 672; Chavis v Powell, NYLJ, July 5, 1988, at 26, col 5; Dorce v Oasim, NYLJ, May 24, 1990, at 28, col 6; CPLR 2104).